## Joseph Schuele v. Anna Schuele.

1. Contempt of Court—*Refusal to Pay Alimony.*—It is not a contempt of court to fail to pay money which one neither has nor can obtain, and which he has not causelessly either put out of his hands or failed to receive.

**Memorandum.**—Appeal from an order of commitment for contempt of court in refusing to pay. alimony. Entered by the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding. Heard in this court at the October term, 1894, and reversed. Opinion filed December 20, 1894.

### Statement of the Case.

This is an appeal from an order of the Circuit Court adjudging the defendant guilty of contempt of court for a failure to pay alimony, and ordering the defendant to be committed to the county jail.

Anna Schuele obtained a decree of divorce against her husband, requiring him to pay $6 a week alimony, commencing June 14, 1891. The appellant complied with this order for a time.

The further proceedings under which the order appealed from was made were as follows:

There was filed the affidavit of Anna Schuele, which sets out the decree entered in said cause, whereby Joseph Schuele was to pay $6 a week. Further states that from June 22, 1893, or for the period of thirty-seven weeks, Schuele has paid nothing, and that there is due and owing $222. She states that she is destitute, and prays that Joseph Schuele may be required to show cause why he should not be punished for contempt of court.

And thereupon the court entered the rule to show cause, and on the 14th day of March, 1894, the defendant, Joseph Schuele, appeared and filed the following affidavit:

Joseph Schuele v. Anna Schuele.

Now comes Joseph Schuele, and for answer to the rule to show cause entered March 7, 1894, without any notice to

this respondent, answering the rule, says that this is the fifth time that he has been ruled to show cause why he should not be attached for contempt, and exhibits with his answer notices and copies of affidavits upon which he was required to come into court and answer the rulings. That said several motions were heard before several of the judges of the courts of Cook county, and in each instance the judges held no rule should be entered on the respondent to show cause. Further answers and says that he has been unable to comply with the decree of this court, for the reason that he has no money whatever wherewith to meet the decree of said court. That at the time the decree was entered he was earning $25 per week at his trade as a cabinet maker, and that he endeavored to and did comply with the decree of the court while he was receiving such salary, but that since June, 1893, his salary was cut down from $25 to $18, which latter sum he received up to the 13th of November, 1893, and that since such time he has received $15 a week.

That he lives at 584 West Ohio street, in rented rooms, where he paid at first $14 a month, and now $12 a month rent; that his family consists of small children, all depending upon him for support; the oldest being sixteen and the youngest seven years of age; that he is employed by Adolph Sturm, in a furniture factory, and that said factory has ceased manufacturing, but is merely kept up for the purpose of selling out the manufactured furniture, which will be done in the course of two months, at which time affiant will be thrown entirely out of employment unless he can obtain work elsewhere, of which there now seems poor prospects.

That it is all that he can accomplish to support his four children and himself and poorly clothe the same; that his earnings from week to week are used up in the payment of rent, grocery bills and shoes for his family, and that he now owes a grocery bill of $30, which he is wholly unable to pay on account of the poor wages he receives. That he has no money and no means that can possibly be applied toward the payment of alimony. That Anna Schuele has with her a boy of eighteen years of age, who is constantly employed,

and earns in the neighborhood of $8 a week, which he gives to his mother.   That Anna Schuele was also employed as a cook by one Hummel, where she earned $3 a week and the board for herself and the large boy and the little boy, now aged six years.   That said Anna Schuele refused to further work for said Hummel, and quit his employment for the purpose of again harassing this respondent, and compelling him to pay alimony as directed by the decree.   That the neglect of the respondent to comply with the order of court is not due to the fact that he is able to do so, and refuses, but on account of his utter inability to do so because of the want of money.   He prays in his answer to be discharged.

There was also filed the affidavit of Adolph Sturm, which says that he knows Schuele and his financial circumstances; that up to June, 1893, he was receiving $25 a week, out of which sum he complied with the order of the court and paid the alimony.   That in June, 1893, on account of the hard times which set in, Schuele's wages were cut down from $25 to $18 a week, which last sum he received up to November, 1893, at which time a further cut in his wages was made to $15 a week.   That he knows Schuele has a large family to support, and that he is unable to support his family from the low wages he has received.   That at different times affiant was obliged to advance to Schuele small sums in order to tide him over his difficulties.   That when rent and living expenses are paid for himself and family, Schuele has not $1 left.   That on the contrary, he is now indebted for the necessaries of life.

That affiant has closed his furniture factory, and does not again intend to open the same.   That he has retained a few men in order to clear up some of the odds and ends of manufactured furniture on hand, and that he has retained Schuele simply because of the large family that he has to support, and because affiant knows of the straitened circumstances of Schuele.   The affiant in reality does not need the services of said Schuele, and that in the month of June he will dispense with his services entirely.   That it is difficult to obtain employment, and affiant will endeavor to ob-

tain employment for him if he can do so, simply because affiant knows that Schuele is sadly in need thereof. That affiant knows the financial circumstances of the respondent, and that it is simply impossible for him to comply with the order of the court.

ARNOLD TRIPP, attorney for appellant.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It appearing by the affidavit of Anna Schuele that appellant was in default in the payment of alimony theretofore ordered by the court to be paid by him, the rule to show cause was properly issued.

In response to such rule appellant came in and by his own and the affidavit of Adolph Sturm, showed that his failure to comply with the order of the court had been and was due to his inability to pay.

The order committing appellant to the county jail will, if carried out, probably result in throwing three and perhaps four children upon the county for support, and will not, so far as the record of this cause shows, tend to bring about a payment of the alimony due Anna Schuele.

It is not a contempt of court to fail to pay money which one neither has nor can obtain, and which he has not causelessly either put out of his hands or failed to receive.

The Supreme Court in the case of Wightman v. Wightman, 45 Ill. 167, a proceeding by way of attachment for contempt in failing to pay a sum ordered to be paid in a decree for divorce, say:

" We are of opinion that the facts before the court, in the manner they were presented, fully justified the court in awarding the attachment as for contempt. This did not necessarily result in the commitment of the defendant, for it was in his power to purge himself of the contempt, by showing to the court why he was unable to pay the installments. Disasters may have overtaken him, rendering him unable to perform the decree; various circumstances might

have been brought to the knowledge of the court, divesting his conduct of any imputation of contempt, and his discharge thereby had."

What is there said is applicable here.

The inability of the appellant to pay the alimony he owes does not relieve him from his liability therefor. If he has credits or effects liable to seizure upon execution, they may be taken, and if hereafter his earnings are such as to enable him to provide for the necessities of himself and family and leave an amount which he can pay upon the alimony he owes, a new rule may be issued, and he be committed if he fail, in so far as he is able, to comply with the order made in the decree of divorce.

The order of the Circuit Court is reversed.