## Adolph Kadlowsky v. Emma Kadlowsky.

1. Husband and Wife—*Husband's Obligations Pending Divorce Proceedings.*—The husband is under obligation to maintain his wife pending proceedings for divorce instituted by her, but it does not follow if he is unable to do so he can be confined in jail because of his failure.

2. Contempt of Court—*Husband in Default of Paying Alimony.*— Although a husband, defendant in a proceeding for divorce, is ordered by a court to pay alimony, it is not a contempt to fail to pay, if, without fault, he is unable to do so.

**Proceedings for Contempt.**—Failure to pay alimony. Error to the Circuit Court of Cook County; the Hon. John Gibbons, Judge, presiding. Heard in this court at the March term, 1896. Reversed. Opinion filed March 31, 1896.

### Statement of the Case.

In a suit for divorce, brought by defendant in error on January 21, 1895, an order was entered requiring the defendant to pay to the complainant the sum of $5 per week temporary alimony, and the sum of $25 to her solicitors, as solicitor's fees. On August 31, 1895, the unpaid alimony amounting to $90, the court entered an order reciting that the sum of $90 was due, and requiring the defendant to pay the same on or before September 10, 1895.

On September 30, 1895, the court amended the order of August 31, 1895, which fixed the amount of the alimony due at $90, so as to make the $90 payable to the clerk of the court, instead of to the complainant. On the same day, September 30, 1895, the court entered the order committing the defendant to jail for failure to pay the said sum of $90, and provided in the order that a certified copy of the same should serve as a mittimus to the sheriff.

The plaintiff in error sued out this writ of error to reverse the order committing him to jail.

C. E. Cruikshank and Fred H. Atwood, attorneys for plaintiff in error.

Mere inability to pay is no reason why a man should be imprisoned. The contempt can exist only upon a willful refusal to pay when a man is able. Blake v. The People, 80 Ill. 11.

Our constitution, Sec. 12, Article 2, provides : " No person shall be imprisoned for debt unless on refusal to deliver up his estate for the benefit of creditors." In view of this provision the court can not imprison for failure to pay a money decree. Goodwillie v. Millman, 56 Ill. 523; Dinet v. The People, 73 Ill. 183; Blake v. The People, 80 Ill. 11.

This case is in reality a civil proceeding, although carried on in the form of a contempt matter.

The attachment for this species of contempt, the disobedience of an order to pay money, is to be looked upon as a civil execution for the benefit of the injured party, though carried on in the shape of a criminal process for a contempt of the authority of the court. Buck v. Buck, 60 Ill. 105; Sharness v. Joy, 41 Ill. App. 157.

Mr. Justice Waterman delivered the opinion of the Court.

Upon the hearing of the rule to show cause why the defendant in the divorce proceeding should not be attached for contempt in failing to comply with the order of the court as to the payment of alimony, it appeared that five months

previous the complainant departed with her two children for Germany, where she has since remained; that the defendant was unable to earn more than eight dollars per week, and was indebted for money borrowed to enable him to commence housekeeping when complainant, after filing her bill for divorce, came back to him; that he has no money save five dollars which he had paid to the clerk of the court, in compliance with its order, nor has he any property save some incumbered real estate which he can not sell unless the complainant will join in a deed thereof, which sale he offers to make and pay the alimony if she will join in a deed.

The obligation of a husband to maintain his wife in Europe pending proceedings for divorce, instituted by her, may be conceded, and yet it does not follow that a husband unable so to do can be confined in jail because of a failure to so maintain.

To the wife in Europe, the imprisonment of her impecunious husband in jail in Chicago, might be gratifying, but in no other way can such incarceration be useful to her. Although ordered by a court to pay, it is not contempt of court to fail to pay what one is, without fault, unable to pay. Blake v. The People, 80 Ill. 11; Wightman v. Wightman, 45 Ill. 167; Schuele v. Schuele, 57 Ill. App. 189.

The order of commitment to jail is reversed.