[No. 8092.    Department One.    June 19, 1909.]

EVA HOLCOMB, *Respondent*, v. AUGUSTUS H. HOLCOMB, *Appellant*.[1]

DIVORCE—ALIMONY—INABILITY TO PAY—CONTEMPT—DEFENSES—EVIDENCE—SUFFICIENCY. Pecuniary inability is a complete defense to contempt proceedings for failure to pay alimony; and the same is established by clear and satisfactory proof, where it appears that the defendant was a dentist, with no property except office furniture and instruments used in his practice, which were subject to a mortgage indebtedness of $1,200 or $1,500, that his income from the date of the decree fell short of his living expenses, and he was hopelessly insolvent.

Appeal from an order of the superior court for King county, Frater, J., entered December 22, 1908, upon findings

[1]Reported in 102 Pac. 653.

in favor of the plaintiff, adjudging the defendant guilty of contempt and committing him to jail for failure to pay alimony awarded by a decree of divorce, after a trial on the merits before the court. Reversed.

*Herbert E. Snook*, for appellant.

*Thomas B. MacMahon*, for respondent.

RUDKIN, C. J.—On the 2d day of December, 1907, a decree of divorce was entered in favor of the plaintiff in the above entitled action. By the terms of that decree there was awarded to the plaintiff three lots in the city of Seattle, the household goods and furniture belonging to the community, a promissory note of $1,800 secured by mortgage, and $50 per month alimony, payable on the first day of each and every month, commencing with the month of December, 1907. There was awarded to the defendant his office furniture and fixtures, his dental instruments and supplies, and three lots in Lake View Cemetery the purchase price of which had not been paid.

On the 3d day of December, 1908, a petition was filed in the action averring that the defendant had failed and refused to pay the alimony awarded by the decree, from January 1, 1908, to December 1, 1908, inclusive. An order was entered on the same day citing the defendant to appear and show cause, if any he had, why he should not be punished as for a contempt for failure to comply with the terms of the divorce decree. The defendant appeared in obedience to the citation and a hearing was had. The court found that the defendant was financially able to comply with the terms of the decree, and ordered him to pay into court *instanter* the sum of $100, and committed him to the jail of King county until that sum, together with the costs of the proceeding, was paid. From this order and commitment, the defendant has appealed.

The sole defense to the show cause order was that the appellant had neither the means nor the ability to comply with

the terms of the decree. If this defense was established by clear and satisfactory proof the judgment must be reversed, for it is always a defense to a proceeding of this kind to show that the disobedience was not wilful, but was the result of pecuniary inability or other misfortunes over which the accused had no control. *Walton v. Walton,* 54 N. J. Eq. 607, 35 Atl. 289; *Newhouse v. Newhouse,* 14 Ore. 290, 12 Pac. 422; *Peel v. Peel,* 50 Iowa 521; *Schuele v. Schuele,* 57 Ill. App. 189; 9 Cyc. 14.

Turning now to the testimony, the record shows the following facts, without apparent contradiction: The appellant is a dentist by profession and has no means or property of any kind, except his office furniture and the instruments and appliances used in the practice of his profession, which are mortgaged to secure an indebtedness of from $1,200 to $1,500. His only income is from his profession, and from the date of the decree of the divorce up to the trial of the present proceeding the income from his office fell far below his office and living expenses. His entire indebtedness exceeds $4,000, he is hopelessly insolvent at the present time, and the prospects for the future are by no means bright. Under such circumstances we think the finding that he had the financial ability to comply with the terms of the decree was not warranted. If we are permitted to refer to the opinion of the trial judge, it appears therefrom that the judgment was based upon the fact that the appellant was able to prosecute appeals and give supersedeas bonds in the past, rather than upon the testimony or the absence of testimony. But the fact that the appellant's mother may have heretofore advanced money to pay alimony, or the fact that his brother may have given security to keep him out of prison, affords no sufficient basis for the order appealed from. We think the inability of the appellant to comply with the terms of the decree was clearly shown, and the order is therefore reversed, without costs to either party.

FULLERTON, MORRIS, CHADWICK, and GOSE, JJ., concur.