[No. 11085. Department Two. July 31, 1913.]

CATHERINE BOYLE, *Respondent*, v. F. J. BOYLE, *Appellant*.[1]

DIVORCE—ALIMONY—ENFORCEMENT — CONTEMPT PROCEEDINGS—DE-FENSES. A divorced husband cannot be adjudged guilty of contempt in failing to pay the alimony awarded where it appears by clear and satisfactory evidence that he has neither the means nor the ability to do so.

Appeal from an order of the superior court for King county, Frater, J., entered December 7, 1912, adjudging defendant guilty of contempt in violating an order for the payment of alimony. Reversed.

*Charles H. Miller*, for appellant.

*Herbert W. Meyers* and *Charles A. Enslow*, for respondent.

MAIN, J.—This is a proceeding wherein the plaintiff seeks to have the defendant adjudged to be in contempt of court for his failure to pay alimony.

[1]Reported in 133 Pac. 1009.

On the 19th day of October, 1909, by decree of court, the bonds of matrimony theretofore existing between the plaintiff and the defendant were dissolved. By the decree the defendant was ordered to pay to the plaintiff as alimony the sum of $25 per month. This decree not being conformed to by the defendant, on May 27, 1912, the plaintiff made an application to the superior court for an order directed to the defendant requiring him to show cause on the 10th day of June, 1912, why he should not be adjudged guilty of contempt for failure to conform to the court's decree. On June 11, 1912, the matter came on for hearing upon the show cause order. Thereupon the court adjudged the defendant to be in contempt of court, and suspended sentence providing the defendant would on or before July 1, 1912, pay to plaintiff the sum of $10, and every thirty days thereafter the sum of $15. The order provided further that if the defendant should fail to make these payments as indicated, he would be subject to arrest on the charge of contempt. Thereafter no payments were made as required in the order of June 11, 1912. On October 21, 1912, the defendant was arrested and appeared before the court to answer the charge of contempt. The matter was heard on November 23, 1912, and on November 26, 1912, the court signed an order permitting the defendant to file affidavits in his defense as of the date of the hearing. On December 7, 1912, an order was entered adjudging the defendant in contempt of court for failure to obey the order made on June 11, 1912, and committing the defendant to the county jail until he should purge himself of such contempt. The defendant appeals.

The cause is before us upon the affidavits filed by the respondent and her counsel in support of her application for the show cause order, and the affidavits filed on behalf of the appellant in support of his defense. The certificate of the trial judge to the bill of exceptions states that these affidavits contain all the facts and all the evidence and proofs submitted by the respective parties upon the hearing.

The affidavits of the respondent are to the effect: That the alimony awarded in the divorce decree has not been paid; that the appellant was able to pay; and that the respondent was ill and very much in need of the financial support which the payment of the alimony would furnish.

The appellant's affidavits, and one of these is by his physician, are to the .effect, that the appellant has not the means and is unable to pay the alimony; that he is an old man and is suffering with diseases known as creeping paralysis of the arms, muscular atrophy, and a severe inguinal hernia; that if he is incarcerated in the county jail it will be deleterious to his health; that he is not in a condition to perform manual labor; that he owes his physician $125; that he owes his counsel for services rendered in these proceedings, and his counsel is appearing for him without hope of compensation; that all of his property has been conveyed to the respondent; that one C. E. Preston has rendered appellant financial assistance, without hope of reward, in order to save him from becoming a public charge, and appellant is now indebted to him in the sum of several hundred dollars. Appellant's affidavits stand undenied.

The one question to be determined is, whether the decree is warranted by the facts as contained in these affidavits.

The rule is that a defendant is not guilty of contempt of court for failure to pay alimony where it appears by clear and satisfactory evidence that he has neither the means nor the ability to do so, and that his disobedience, therefore, is not wilful. In the case of *Holcomb v. Holcomb*, 53 Wash. 611, 102 Pac. 653, it was said:

"The sole defense to the show cause order was that the appellant had neither the means nor the ability to comply with the terms of the decree. If this defense was established by clear and satisfactory proof the judgment must be reversed, for it is always a defense to a proceeding of this kind to show that the disobedience was not willful, but was the result of pecuniary inability or other misfortunes over which the accused had no control. *Walton v. Walton*, 54 N. J. Eq. 607,

35 Atl. 289; *Newhouse v. Newhouse*, 14 Ore. 290, 12 Pac. 422; *Peel v. Peel*, 50 Iowa 521; *Schuele v. Schuele*, 57 Ill. App. 189; 9 Cyc. 14."

The present case comes directly within the rule there announced. The judgment must therefore be reversed.

ELLIS, FULLERTON, and MORRIS, JJ., concur.