[No. 11676.    Department Two.    March 7, 1914.]

SARAH A. GUST, *Respondent,* v. ADOLPH A. GUST, *Appellant.*[1]

DIVORCE—SUIT MONEY—ENFORCEMENT—CONTEMPT — CONVICTION— EVIDENCE—SUFFICIENCY. The defendant in a divorce case cannot be adjudged guilty of contempt in failing to pay $3,000 suit money within three days, upon his appearing and making affidavit that he did not have the money or any part of it, and that all his property had been turned over to the receiver appointed by the court to control it; in the absence of any evidence, or any justification in the record, for disbelief in the affidavit.

Appeal from a judgment of the superior court for King county, Humphries J., entered August 6, 1913, upon a trial and conviction of contempt. Reversed.

*Brady & Rummens* and *G. W. Saulsberry,* for appellant.
*Edward Judd* and *B. E. McGregor,* for respondent.

MOUNT, J.—The appellant was adjudged in contempt of the lower court in failing to pay the sum of $3,000 suit

[1]Reported in 139 Pac. 199.

money in a divorce case. In entering the decree, the lower court ordered the appellant to pay into the registry of the court $3,000 within three days. The court at the same time appointed a receiver of all the property, and directed that the receiver should take charge thereof within three days. This decree was entered on the 24th day of July, 1913. On the 29th day of July, an affidavit was filed in the court showing that the appellant had not paid the sum of $3,000 into court, and a show cause order was issued. The appellant appeared and filed an affidavit to the effect that he had not complied with the judgment because he was unable to do so; that he had neither the $3,000 nor any part thereof; and that all of his property was under the control of the receiver that had been appointed by the court. Thereupon, without further hearing, the court adjudged the defendant guilty of contempt and ordered him committed to the county jail. The defendant has appealed from that order.

We think the court plainly erred in finding the appellant guilty of contempt of court. He appeared in answer to the show cause order and stated that he had no property; that all of his property had been turned over to the receiver appointed by the court. The court, without a further hearing, evidently disbelieving the affidavit of the appellant, adjudged him guilty of contempt and sent him to jail. It is plain that the appellant was entitled to a respectful hearing upon this showing. If all his property had been turned over to the receiver, as he alleged, the court had the power to order the receiver to pay the money, and had no authority to adjudge the appellant guilty of contempt. If the appellant's property had not been turned over to the receiver, that fact could readily have been established so that there could be some justification upon the record for disbelief of the appellant's affidavit. In the absence of some contrary showing upon the record, we must assume that the appellant's affidavit was truthful.

The judgment of the lower court is reversed, and the appellant ordered discharged.

CROW, C. J., FULLERTON, MORRIS, and PARKER, JJ., concur.