[No. 12728. Department Two. December 11, 1915.]

## C. G. CROMBIE, *Appellant*, v. JENNIE M. CROMBIE, *Respondent*.[1]

DIVORCE—ALIMONY—FAILURE TO PAY—INABILITY—EVIDENCE—SUFFICIENCY. A judgment for contempt for failure to pay temporary alimony cannot be sustained where the husband's property was producing no income, sales without sacrifice were of great difficulty and might work hardships on both parties, and he made a partial payment of the alimony imposed and sustained the burden to show his inability to pay the remainder.

Appeal from an order of the superior court for King county, Mackintosh, J., entered March 1, 1915, adjudging plaintiff guilty of contempt in violating an order for the payment of alimony. Reversed.

*Frank A. Paul,* for appellant.

*Griffin & Griffin,* for respondent.

BAUSMAN, J.—Appeal from an order in contempt for failure to pay temporary alimony in compliance with an order of court.

The Crombies are here on the husband's suit for divorce with the wife's cross-complaint, she herself having previously brought an action for divorce which was dismissed. Against the present commitment for contempt numerous objections are raised, some of which relate to procedure and some to jurisdiction; but under the view we take on the merits, it is not necessary to discuss them. We are all of opinion that,

[1]Reported in 153 Pac. 306.

on the fundamental question—the husband's ability to comply with the order—the lower court was in error.

The husband made a showing on this question of ability, producing the affidavits of ten persons who knew his affairs. These seem to us to have shown that he was in very narrow circumstances. Nor will it do to object, as opposing counsel have done, that they were mere friends in social life as well as in business. They are, at all events, more disinterested here than the affiant wife can possibly be. To whom else can the court turn than to such as, by reason of acquaintance, have some knowledge of the interested party's affairs? Their veracity is not impugned.

What property the husband had seems to have been of two kinds; first, stock in a corporation; the other, lands. As to the former property, it is undisputed that the corporation is in a bad way; as to the latter, it not only has no rents, which is conceded by the wife's counsel in oral argument here, but it also was covered by incumbrances that, so far as we can see, were in good faith for debts acquired before the present contentions. Counsel for the wife was not able in argument here to point to any positive income of the husband beyond his salary. We, for our part, find none in the record.

It is possible that the husband, by selling some of the lands, might have provided for this temporary alimony; but we cannot shut our eyes to the fact that the sale of any lands, except at prices terribly low, has been, during the past year, a great difficulty. Nor do we think that the present is an instance in which, for the purpose of temporary alimony, his real estate should be sold. The event of this suit is yet uncertain and, in the meantime, if assets of this character should be sacrificed, the hardships to both parties might be greater than the inconvenience to one party of impaired comforts.

The husband, whose salary was only $75 a month, did make a partial payment of the alimony imposed. He voluntarily

assumed the burden of proof to show his inability to pay the remainder, and, in our opinion, he sustained that burden.

The order of the lower court is reversed.

Morris, C. J., Holcomb, Main, and Parker, JJ., concur.