[No. 14048.  Department Two.  January 19, 1918.]

OLIVE M. SMILEY, *Respondent*, v. P. J. SMILEY, *Appellant*.[1]

DIVORCE—ALIMONY—ENFORCEMENT OF ORDER—ABILITY TO PAY.  In
contempt proceedings to enforce the payment of alimony, the hus-
band cannot be adjudged guilty where his affidavit declaring that
he had no funds or means of raising funds is undenied.

Appeal from an order of the superior court for King
county, Dykeman, J., entered November 18, 1916, requiring
defendant to pay alimony or be deemed in contempt of court.
Reversed.

*J. Y. C. Kellogg*, for appellant.

MOUNT, J.—On the 20th of November, 1912, a decree of
divorce was entered in favor of the respondent, which, among
other things, awarded the respondent alimony at the rate of
twenty-five dollars per month.  The appellant was in default
in the payment of this alimony, and on the 14th of Novem-
ber, 1916, the lower court entered an order citing the appel-
lant to appear and show cause why he had failed to pay the
alimony and why he should not be punished for failure to
comply with the terms of the divorce decree.  The appellant
appeared to that order and filed his affidavit, in which he set
out in detail his business affairs, alleging that he had no
property and no funds, and no prospect of receiving funds
from which to pay the alimony, or any part thereof.  This
affidavit was not denied.  Thereupon the court entered an
order requiring the appellant to pay to the divorced wife the
sum of fifty dollars or be deemed in contempt of court.  This
appeal is prosecuted from that order.

In *Holcomb v. Holcomb*, 53 Wash. 611, 102 Pac. 653;
*Boyle v. Boyle*, 74 Wash. 529, 133 Pac. 1009, and *Crombie v.
Crombie*, 88 Wash. 520, 153 Pac. 306, we held, in substance,

[1]Reported in 169 Pac. 962.

that a divorced husband cannot be adjudged guilty of contempt for failing to pay alimony where it appears by clear and satisfactory evidence that he has neither the means nor the ability to do so. The affidavit of the appellant, in which he declared he had no funds and no means of raising funds, being undenied, brings him within the rule stated.

We are of the opinion, therefore, that the court erred in entering the order requiring him to pay the fifty dollars, or be deemed in contempt. The order appealed from is therefore reversed.

ELLIS, C. J., CHADWICK, MORRIS, and HOLCOMB, JJ., concur.