[No. 15367.     *En Banc.*     March 19, 1920.]

DONNA E. SNOOK, *Respondent,* v. HERBERT E. SNOOK, *Appellant.*[1]

CONTEMPT (9)—DIVORCE (88)—FAILURE TO PAY ALIMONY—ABILITY —EVIDENCE—SUFFICIENCY. In civil contempt to enforce payment of overdue monthly installments of alimony, lack of present ability to pay is a complete defense, notwithstanding unjustifiable past delinquencies; and judgment of contempt is unwarranted where the only evidence on the subject is defendant's direct and positive testimony of present inability (MAIN, BRIDGES, and MACKINTOSH, JJ., dissenting).

Appeal from a judgment of the superior court for King county, Holden, J., entered November 14, 1918, upon findings in favor of the plaintiff, in civil contempt proceedings to enforce a decree for alimony. Reversed.

*Jay C. Allen,* for appellant.

*Geo. H. Rummens* and *Philip Tworoger,* for respondent.

PARKER, J.—This is a civil contempt proceeding, instituted in the superior court for King county on April 8, 1918, by the plaintiff, Donna E. Snook, against the defendant, Herbert E. Snook, to compel the payment by him of alimony awarded to her by the decree of divorce rendered in this action by that court on July 16, 1916, dissolving the marriage relation theretofore existing between them. A trial in the superior court upon the merits resulted in a judgment being rendered against the defendant, as follows:

"It is considered, ordered and adjudged by the court that, on the 8th day of April, 1918, there was due, owing and unpaid to the plaintiff from the defendant the sum of $887.50 on account of alimony accruing and

[1]Reported in 188 Pac. 502.

unpaid under and by virtue of the terms of the decree herein, no part of which has since been paid and the same is now due.

"That at all times since the entry of the aforesaid decree, the defendant has had and now has ample and sufficient means and ability with which to make said payments as they become due under the terms of said decree, but that during all of said time while said sums were accruing, said defendant, for the purpose of thwarting and defeating the terms of the aforesaid decree, has wilfully and contemptuously neglected and refused, and now continues wilfully and contemptuously to neglect and refuse to pay said sums, and on account of such failure so to pay said sums, the said defendant is in contempt of this court.

"It is further considered, ordered and adjudged that the defendant, Herbert E. Snook, be, and he is hereby committed to the jail of King county, state of Washington, there to be held and confined until such time as he shall have paid into the registry of this court for the use and benefit of the plaintiff, or into the American Savings Bank & Trust Company for the credit of plaintiff, the sum of $887.50."

The judgment concludes with an order staying the execution thereof for a period of ten days, within which time the defendant might make payment as ordered, and thereby free himself from liability to imprisonment. From this disposition of the proceeding, the defendant has appealed to this court.

By the decree of divorce, Mrs. Snook was awarded property of considerable value, which apparently constituted all of the property then possessed by either of them, except appellant's law library, law office furniture, and personal effects, which he was permitted to retain. Mrs. Snook was also awarded the custody of their three children, one of which has since then become of age. She was also awarded periodical alimony to be paid by appellant at the rate of $12.50 a week. At the time of the commencement of this pro-

ceeding in the superior court on April 8, 1918, there had accrued to Mrs. Snook under the alimony terms of the divorce decree $1,687.50, of which appellant had paid to her $800, leaving $887.50 unpaid. The unpaid portion is that which accumulated during the period of approximately seventy-one weeks immediately preceding the commencement of this proceeding. Appellant answered, alleging facts to show that he has been excusable for his failure to make the payments of the installments of alimony as they fell due, and also alleging that he is now unable to make payment thereof. On September 27, 1918, this proceeding came on for trial upon the merits, resulting in the judgment from which this appeal is prosecuted.

The evidence introduced upon the trial consists wholly of the testimony of the parties themselves. Mrs. Snook's testimony goes no farther than to show the amount of alimony remaining unpaid. Appellant's testimony goes to the question of his inability to pay during the period he was in default, and to the question of his inability to pay at the time of the hearing in this proceeding; which latter question, as we think will presently appear, is the ultimate question to be here decided.

Appellant is fifty years old, and has been engaged in the practice of law in Seattle for a period of twenty-nine years. He admits that, prior to the rendering of the decree of divorce in 1916, he earned in his practice a considerable annual income, but testifies that, since then, his earnings have been at no time more than barely sufficient to pay the expenses of maintaining his law office. This condition, he asserts, is due to the publicity given to the divorce action and the result thereof, and Mrs. Snook's annoyance of him in various ways, together with the decrease in law business generally prevailing during the recent war. The trial

judge, as evidenced by his findings and remarks in disposing of this proceeding, it seems to us, was unduly influenced by what he conceived to be the inexcusable fault of appellant in failing to pay the installments of alimony as they fell due during the seventy-one weeks immediately preceding the commencement of this proceeding; and we may concede, for present purposes, that his testimony fails to show good excuse for the whole of such failure during that period.

In so far as the trial judge finds and adjudges that appellant has the present ability to make payment as adjudged against him in this proceeding, which we think is the controlling question here, we feel constrained to hold that the clear weight of the evidence is to the contrary. Whatever may be said as to appellant's testimony touching the question of his past faults and his claimed excuse for not paying the alimony installments as they fell due, it does, we think, convincingly appear that he did not, at the time of rendering the judgment in this proceeding, possess any property other than his law library and law office furniture, which are of a modest character, in so far as their money value is concerned, that his present earning power is very small, and that he is in debt several hundred dollars. His testimony is direct and positive as to these matters, and we think it cannot be ignored in this proceeding, however much his testimony may be doubted touching his excuse for past failures in payment. It does appear that, since appellant's divorce, he has married a woman of large means, that he is well provided for by his present wife in so far as his personal wants and living expenses are concerned, and that his present wife has permitted him to purchase at stores in Seattle from time to time wearing apparel and things of considerable value for his children, and have the same charged to her; but that

his present wife will not provide him with funds to pay towards the alimony allowance awarded to his former wife. It also appears that appellant has done some law work for his present wife in connection with her property interests for which he has made no charge, but it is apparent that such work has not been of such a character as to call for the payment of any considerable amount in fees therefor, even had he performed it for a stranger, nor has such service rendered to his present wife in the least interfered with legal services rendered or which he had opportunity to render to others. Indeed, her legal matters have, for the most part, been attended to by other attorneys employed by her.

This is not a criminal contempt proceeding. It is a civil contempt proceeding, the object of which is not to punish the appellant, but to coerce him to pay the money in satisfaction of the alimony portion of the decree of divorce. 6 R. C. L. 490. It may be that appellant's past failure to make the payments is of such inexcusable character that he could be punished by fine or imprisonment in a criminal contempt proceeding, regardless of his present inability to make payment thereof; but, if so, such punishment would have to be in the nature of a fine of a fixed amount, payable to the state or to be satisfied by imprisonment at the rate of a fixed sum for each day of imprisonment; or such punishment would have to be imprisonment for a fixed term. Such is not the nature of the judgment sought or rendered in this proceeding. In a contempt proceeding of this character, the object of which is to coerce the payment of money, the lack of ability to pay, on the part of the defendant, is always a complete defense against enforcing payment from the defendant by imprisonment. In harmony with the law on that subject in most of the jurisdictions of this country,

this court has repeatedly so held. *Holcomb v. Holcomb,* 53 Wash. 611, 102 Pac. 653; *Boyle v. Boyle,* 74 Wash. 529, 133 Pac. 1009; *Crombie v. Crombie,* 88 Wash. 520, 153 Pac. 306; *Smiley v. Smiley,* 99 Wash. 577, 169 Pac. 962; *Wells v. Wells,* 99 Wash. 492, 169 Pac. 970, L. R. A. 1918C 291.

We conclude that appellant's inability to pay the money, as directed by the judgment from which he has appealed, sufficiently appears to call for a reversal of the judgment. It is so ordered. Of course it must be understood that we are determining appellant's right to be absolved from the consequences of the judgment he appeals from, as of the time of the rendering of that judgment. What has happened since then touching the question of his ability to pay as adjudged by the decree of divorce is wholly outside this record and our present inquiry. The court is still open for further inquiry in that behalf.

HOLCOMB, C. J., FULLERTON, MITCHELL, and MOUNT, JJ., concur.

MAIN, J. (dissenting)—The rule of the cases cited in the majority opinion, as stated in the *Boyle* case, is:

"The rule is that a defendant is not guilty of contempt of court for failure to pay alimony where it appears by clear and satisfactory evidence that he has neither the means nor the ability to do so, and that his disobedience, therefore, is not wilful."

In my opinion, the facts of this case do not bring it within that rule. The findings and judgment of the trial court should be sustained. I therefore dissent.

BRIDGES and MACKINTOSH, JJ., concur with MAIN, J.