[No. 18690.   Department One.   May 28, 1924.]

GOLDIE DEWITT STUART, *Respondent,* v. WILLIAM A. STUART, *Appellant.*[1]

DIVORCE (88)—ALIMONY—ENFORCEMENT — CONTEMPT PROCEEDINGS —DEFENSES. The defendant cannot be punished for contempt in failing to pay alimony where his inability to pay was not wilfully brought about by himself with intent to avoid payment.

Appeal from an order of the superior court for Pierce county, Chapman, J., adjudging defendant guilty of contempt in violating an order for the payment of alimony. Reversed.

*Dewitt M. Evans,* for appellant.

*A. G. Laffin* and *Homer T. Bone,* for respondent.

PER CURIAM.—The appellant was adjudged in contempt of court for failure to pay alimony, and sentenced to serve thirty days in jail for such contempt. A reading of the statement of facts convinces us that the appellant did not wilfully and intentionally fail to comply with the court's order, and under such circumstances the language of this court in *Wells v. Wells,* 99 Wash. 492, 169 Pac. 970, L. R. A. 1918C 291, which follows is applicable:

"It is only where the inability is wilfully brought about by himself, with intent to avoid payment, that the refusal to pay becomes contumacious, and such inability would not purge him of contempt. But imprisonment certainly should not be ordered when it appears that the default is the result of honest inability to pay on account of business misfortunes, lack of earning ability, or other fortuitous circumstances which are not the fault of the party. That is the spirit of our decided cases."

For such reasons, the judgment is reversed.

[1]Reported in 226 Pac. 133.