[No. 20707.  Department One.  July 12, 1927.]

THE STATE OF WASHINGTON, *on the Relation of Marian Haller Harris, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent.*[1]

[1] DIVORCE (44)—JUDGMENT—FINAL DECREE—PENDING CONTEMPT—EFFECT. Where a party to a divorce action is in contempt for failure to comply with the interlocutory decree as to the custody of children, she is not entitled to a final decree at the end of six months, until the matter of contempt and custody is determined.

Application filed in the supreme court June 3, 1927, for a writ of mandamus requiring the superior court for King county, Hall, J., to grant a final decree of divorce. Denied.

*Tucker, Hyland & Elvidge* and *Mary H. Alvord,* for relator.

*Patterson & Patterson,* for respondent.

FRENCH, J.—The relator was granted an interlocutory decree of divorce on the 8th day of October, 1925. The custody of the two children was awarded to Mrs. Harris and she was also awarded the sum of forty dollars per month support money. The defendant husband in the divorce action was granted the privilege "to visit said children at such times as shall be reasonable." Thereafter one of the children was taken over by the juvenile court of King county. Applica-

tion was made by the husband to modify the inter-
locutory decree in so far as it awarded the custody of
the children. So far as we are able to gather from the
record, it appears that a partial hearing was had and,
as a temporary expedient, one of the children was
placed with the mother of the defendant husband. It
appears from the record, also, that thereafter the re-
lator surreptitiously took this child placed in the cus-
tody of the defendant's mother and that both children
were immediately taken to the state of Oregon.

Relator then made application through her attor-
neys for a final decree of divorce, which application
was resisted by the defendant husband on the ground
and for the reason that relator was in contempt of
court in failing to obey the orders of the court in hav-
ing removed the children from the jurisdiction of the
court. After a hearing upon the merits the respond-
ent entered the following order:

"This cause having come on for hearing upon the
application of the above named plaintiff for a final de-
cree of divorce in the above entitled matter, more than
six months having elapsed since the entry of the in-
terlocutory decree herein, and no appeal having been
taken therefrom, and it further appearing to the court
that said parties have not become reconciled nor re-
sumed the marriage relation subsequent thereto; and
it further appearing to the court that subsequent to
the making of said application for a final decree and
before the hearing thereon, defendant had filed a peti-
tion for a modification of the interlocutory decree en-
tered herein, and that there was also filed herein an
affidavit opposing the entry of said final decree, from
which it appears that, subsequent to the entry of said
interlocutory decree and prior to the making of the
application for a final decree, plaintiff had removed
and conceals from the defendant her present resi-
dence, and that she has wilfully failed to comply with
that part of the interlocutory decree which gives to

the defendant the right to visit the children of the parties hereto at reasonable times, and that since the entry of the interlocutory decree herein the conduct of the plaintiff has been such as to render her unfit person to have the care and custody of the said children, and which affidavit further avers that plaintiff has failed to take proper care of said children and that one of them, upon the motion of the juvenile court of this county, has been adjudged a delinquent child, and it appearing to the court that it is for the best interests of said children that said petition to modify the said interlocutory decree be heard before the entry of said final decree, and it further appearing that plaintiff has heretofore moved to strike the affidavit hereinabove referred to, and the court being fully advised in the premises,

"This court declines to sign the final decree of divorce in this cause at this time, and denies plaintiff's motion to strike the affidavit opposing the granting of said final decree, and will assign for hearing upon its merits to some judge of this court, immediately or as soon as said parties are ready to present the same, the petition of defendant in this cause for the modification of said interlocutory decree, to all of which plaintiff excepts and her exceptions are allowed.

"Done in open court this 2nd day of June, 1927.

"CALVIN S. HALL, *Judge.*"

This application for a writ of mandate, directing the respondent to sign the final decree of divorce forthwith, follows.

[1] The question presented is, Can a party to a divorce action, where an interlocutory decree has been granted, demand a final decree of divorce as a matter of right when the party applying is apparently in contempt of court for failure to observe the terms of the interlocutory decree of divorce?

In *State ex rel. Hunter v. Ronald,* 106 Wash. 413, 180 Pac. 125, a divorce action in which the plaintiff wife attempted to dismiss the action this court said:

"The relator having been in contempt will not be allowed to present her motion to dismiss her action until she has cleared herself of the contempt."

In the instant case, it has been made to appear to the trial court that the relator is in contempt. Following the rule laid down in the *Hunter* case, *supra,* we hold that the lower court may determine that matter before granting the relief sought.

The writ is therefore denied.

MACKINTOSH, C. J., MAIN, and MITCHELL, JJ., concur.