[No. 21067.   Department Two.   July 3, 1928.]

GRACE MAY COOPER, *Respondent,* v. WILLIAM LEON COOPER, *Appellant.*[1]

[1] DIVORCE (86)—ALIMONY—ENFORCEMENT—ATTACHMENT FOR CONTEMPT. A judgment of contempt in failing to pay alimony is sustained where the court found on sufficient evidence that he had at all times been able to pay the installments.

Appeal from a judgment of the superior court for King county, Jones, J., entered October 25, 1927, adjudging defendant guilty of contempt in violating an order for the payment of alimony.   Affirmed.

*Louis E. Shela,* for appellant.

*Robert A. Devers,* for respondent.

MAIN, J.—The parties to this action were first married May 20, 1903.   June 18, 1919, they were divorced. They again married January 27, 1921, and thereafter

'Reported in 268 Pac. 1118.

were divorced on July 14, 1921. In the decree, it was provided that the defendant should pay to the plaintiff the sum of twenty-five dollars a week, which this court held in *Cooper v. Cooper,* 146 Wash. 612, 264 Pac. 1, was a property settlement which the trial court had no power to modify. June 8, 1927, the defendant being in arrears with his payments to the amount of $87.50, upon application of the plaintiff he was directed to show cause why he should not be punished for contempt for failure to make the payments provided for in the divorce decree. In response to this show cause order, the defendant appeared and contended that he was financially unable to make the payments there required. After a hearing, the trial court made findings of fact and conclusions of law and entered a judgment finding that the defendant was in contempt of court and ordering that he be confined in the county jail of King county until he should purge himself of the contempt by making the payments which the divorce decree provided for. From this judgment, the defendant appeals.

There is but one question presented and that is whether the appellant is able to make the payments. In *Holcomb v. Holcomb,* 53 Wash. 611, 102 Pac. 653, and *Boyle v. Boyle,* 74 Wash. 529, 133 Pac. 1009, and other cases that might be cited, it has been held that one is not guilty of contempt for failure to pay the sum specified in a divorce decree where it appears by clear and satisfactory evidence that he has neither the means nor the ability to do so. In the present case the trial court found: "That defendant is and at all times has been able to make said payment of $25.00 per week to plaintiff . . ." An attentive consideration of the evidence as it appears in the statement of facts, leads us to the same conclusion. The question being one of fact, it is unnecessary and would

serve no useful purpose to review the evidence in detail.

The judgment will be affirmed.

FULLERTON, C. J., ASKREN, HOLCOMB, and PARKER, JJ., concur.