[No. 24867. *En Banc.* March 7, 1934.]

THE STATE OF WASHINGTON, *on the Relation of Arthur Cavitt, Plaintiff*, v. THE SUPERIOR COURT FOR CLARK COUNTY, HONORABLE GEO. B. SIMPSON, JUDGE, *Respondent.*[1] .

[1]Reported in 30 P. (2d) 229.

*Charles S. Lane* and *R. H. Back,* for relator.
*Jas. O. Blair,* for respondent.

STEINERT, J.—The relator, Arthur Cavitt, made application to this court for a writ of mandate to compel the respondent, judge of the superior court for Clark county, to forthwith sign a final decree in a divorce action pending in that court. An alternative writ having first been issued, the matter is now before us for determination upon the argument of counsel and the record as here presented.

The facts, which are not in dispute, are these: The relator, who, for convenience's sake, will hereinafter be referred to as "plaintiff," began an action for divorce against Lucia F. Cavitt, his wife, in Clark county, Washington. Mrs. Cavitt will hereinafter be referred to as "defendant." After issue had been fully joined, the case was regularly tried before the above respondent, as judge of the superior court, on October 6, 1932. Thereafter, on October 31, 1932, an interlocutory decree was entered granting a divorce to each of the parties to the action. Defendant was given the custody of the four children of the parties, and plaintiff was directed to pay into the registry of the court a sum of not less than thirty dollars per month for the support of the children, and also to pay the court costs and attorney's fee. No appeal was ever taken from the interlocutory decree.

On December 2, 1932, defendant served and filed her motion to have plaintiff adjudged in contempt for failure to comply with the order of the court with ref-

erence to the payment of support for the children. In response to a citation, plaintiff filed an answering affidavit setting forth his inability to comply with the order of the court. The allegations of plaintiff's affidavit were not controverted. Upon a hearing held December 16, 1932, the court found that plaintiff was *not* in contempt. The matter then appears to have rested for some months.

On August 7, 1933, before any application whatever had been made by plaintiff, the defendant filed with the clerk of the court an objection to the granting of a final decree of divorce to plaintiff because of his failure to pay the costs and support money. Thereafter, on October 7, 1933, which was subsequent to the expiration of the statutory period of six months after the entry of the interlocutory decree, plaintiff served and filed his motion for final decree. Attached to the motion was plaintiff's affidavit stating that the parties had not resumed the marital relation; stating further that plaintiff had paid the costs of suit, but that he had been wholly unable to pay the support money because of unemployment and entire lack of income. It further appeared in the affidavit that, subsequent to the entry of the interlocutory decree, two of the children had run away from the home of the defendant and were then with their paternal aunt and uncle, and that a third child had been placed in the custody of the same paternal aunt and uncle by the defendant. This left only one child remaining with defendant. The two affidavits of plaintiff above mentioned constitute the only evidence or proof submitted to the court.

The matter then came on for hearing before the court below, upon plaintiff's application for a final decree. Solely upon argument of counsel, and because it appeared that defendant had filed an objection to

plaintiff's application on the ground that he had failed to pay the support money, the court, on October 16, 1933, entered an order denying the plaintiff's motion for final decree. The plaintiff thereupon made application to this court for writ of mandate, as already stated.

The question before us is whether, under the facts as narrated, and upon the record as it stands, the plaintiff is entitled to a peremptory writ directing the lower court to grant plaintiff a final decree of divorce.

The statute under which plaintiff contends that he is entitled to the relief sought is Rem. Rev. Stat., § 988-1. It reads:

"At any time after six months have expired, after the entry of such interlocutory order, and upon the conclusion of an appeal, if taken therefrom, the court, on motion of either party, shall confirm such order and enter a final judgment granting an absolute divorce, from which no appeal shall lie."

Rem. Rev. Stat., § 988, makes the interlocutory order final and conclusive upon the parties, subject only to the right of appeal.

A situation similar in principle to the present case was involved in *State ex rel. Hansen v. Superior Court,* 131 Wash. 13, 228 Pac. 702. The relator there sought a writ of mandate from this court to compel the trial judge to enter a final decree of divorce. The trial court had refused to enter such decree because it appeared from a challenging affidavit that the relator therein had, within the six-months' period, entered into a marriage with a third party. This court gave expression to the conclusive effect of the statute in these words:

"We conclude that the framers of the statute intended just what the statute says, that the interlocutory decree should be final and conclusive, and if

neither party has by any act estopped himself or caused a situation which would make it unfair and inequitable to enforce the statutory mandate, then even the inherent power of the court sitting in equity should not be exercised to defeat the legislative intent expressed in plain and unambiguous language.''

A peremptory writ was accordingly granted.

That case, we think, is controlling of this, unless it can be said that plaintiff has estopped himself or caused a situation which would make it unfair and inequitable to enforce the statutory mandate. The only thing that plaintiff has done, or that he has been charged with doing, is that he has failed to pay the support money.

If the court had found that plaintiff had wilfully and intentionally failed to comply with the court's order, such refusal on plaintiff's part would have been contumacious, and the court would have been warranted in adjudging him in contempt. *Wells v. Wells,* 99 Wash. 492, 169 Pac. 970, L. R. A. 1918C, 291; *Stuart v. Stuart,* 130 Wash. 68, 226 Pac. 133.

We are also clearly of the opinion that, had the plaintiff been adjudged in contempt, then the court would have been fully justified in refusing to grant him a final decree of divorce. A party may not invoke a favorable action of the court in his behalf when he, himself, is in contempt of court in the same proceeding. He must first purge himself of the contempt under which he rests. However mandatory the statute with respect to a final decree of divorce may be in a proper case, it is not a strait-jacket upon the court's jurisdiction in every case. We have a number of decisions from this court to that effect. *State ex rel. Hunter v. Ronald,* 106 Wash. 413, 180 Pac. 125; *State ex rel. Morris v. Superior Court,* 128 Wash. 496, 223 Pac. 583; *State ex rel. Harris v. Superior Court,* 144

Wash. 299, 258 Pac. 9; *State ex rel Hamlin v. Superior Court,* 148 Wash. 113, 268 Pac. 159; *Smith v. Smith,* 148 Wash. 457, 269 Pac. 821.

But there is nothing whatever in this record showing, or from which it can be reasonably argued, that plaintiff is in contempt. Most certainly, he has never been adjudged in contempt. From all that is before us, the court could not have made an adjudication of contempt upon the showing presented to it. We have said time and again that a pecuniary inability to pay alimony or support money, or a misfortune over which the party has no control, is a complete defense to a charge of contempt. *Holcomb v. Holcomb,* 53 Wash. 611, 102 Pac. 653; *Boyle v. Boyle,* 74 Wash. 529, 133 Pac. 1009; *Crombie v. Crombie,* 88 Wash. 520, 153 Pac. 306; *Wells v. Wells,* 99 Wash. 492, 169 Pac. 970; *Stuart v. Stuart,* 130 Wash. 68, 226 Pac. 133.

We have also specifically held that, in the absence of some contrary showing in the record, the affidavit of the party charged with contempt must be taken as true. *Gust v. Gust,* 78 Wash. 412, 139 Pac. 199. *A fortiori* must the affidavit be taken as true when there is not even a charge of contempt, nor any contrary showing that his acts would subject him to an adjudication of contempt.

From the record before us, we are led to the conclusion that there was no showing of any act on the part of the plaintiff which estopped him from seeking enforcement of the statutory mandate, or that would render its enforcement unfair or inequitable. The final decree should have been entered.

The alternative writ is made peremptory.

ALL CONCUR.