[No. 28223.   Department Two.   April 4, 1941.]

JOHN L. ERICKSON, *Appellant,* v. MILDRED G. ERICKSON, *Respondent.*[1]

*C. A. Schneider,* for appellant.

*Walter Scott Acheson* and *Thomas C. Kinney,* for respondent.

MILLARD, J.—June 29, 1939, defendant was awarded a divorce from plaintiff, and by a subsequent order the care, custody, and control of the two children of the parties were vested exclusively in the defendant mother.   Plaintiff husband was ordered to pay to defendant sixty dollars monthly until the son, who was nineteen years old at the time of the trial, arrived

[1] Reported in 111 P. (2d) 757.

at his majority; and thirty-five dollars monthly from that time until the date the second child, a daughter, then fourteen years old, became twenty-one years of age. The property was divided between the parties, and by the order, as amended, reading as follows, plaintiff husband was required to deliver to defendant wife certain shares of stock to be held as security for payment of the monthly installments of support money:

"That the fifty (50) shares of Superior Portland Cement Association Class A Stock now in the possession of said E. A. Pierce and Company, shall be delivered to the said defendant herein to be kept by her, in trust, however, under the following terms and conditions, to-wit: Said stock shall be held by the defendant until Geraldine Erickson, the daughter of the parties hereto, shall reach the age of Twenty-one (21) years, at which time said stock shall be divided equally between the plaintiff and defendant herein. Provided, however that in the event that the plaintiff shall fail to make any of the payments hereinafter provided, the defendant shall have the authority to sell said stock and may use the proceeds thereof or as much thereof as shall be necessary to make said payments on behalf of the plaintiff, *it being the intention of this Court that said stock shall be security for said payments;* and in addition, the defendant may use any and all income from said stock for the purpose of paying all reasonable medical and dental expenses for John L. Erickson, Jr. and Geraldine Erickson, until such time as they shall become twenty-one (21) years of age.

"PROVIDED, further that the defendant, the said Mildred G. Erickson, shall, prior to any disposition of said stock as provided in this paragraph, obtain the permission of the above entitled Court to do so; however, she may expend the dividends from the said stock for the medical and dental expenses above mentioned and account therefore at the direction of the above entitled court; receipted bills for said medical

and dental services shall be sufficient evidence of proper expenditure of said funds." (Italics ours.)

A final decree of divorce was entered January 5, 1940, confirming the foregoing order. On February 2, 1940, the final decree was set aside on the ground that plaintiff was not served with a copy of defendant's motion. March 14, 1940, after due and proper service of motion and affidavit therefor, final decree of divorce was entered. Because of failure to pay the sixty dollars due March 29, 1940, plaintiff was cited to show cause why he should not be adjudged guilty of contempt of court. Plaintiff pleaded, in excuse of his failure to pay, that he had no money or assets, and he prayed that part of the shares of stock held by defendant as security for the monthly payments be sold and the proceeds applied to payment of support money.

There was evidence that, during the period from the date of the interlocutory order to the date of hearing on the citation to show cause why plaintiff should not be adjudged guilty of contempt of court, plaintiff had received a salary of approximately one hundred and forty dollars monthly and thirteen hundred and fifty-three dollars in cash from his postal savings and bank account; that is, during this period he received approximately twenty-six hundred dollars. His total expenses were less than eighteen hundred dollars, leaving a balance of about eight hundred dollars for which plaintiff could not account. The total income received by defendant from the shares of stock during the period subsequent to the decree was $123.75, from which she paid for medical expenses the sum of seventeen dollars.

The court entered an order, April 18, 1940, requiring plaintiff to pay the sixty dollars due March 29, 1940, to the defendant at the rate of twenty-five dollars monthly, beginning July 29, 1940, until paid. The order further

provided that the plaintiff be not held in contempt of court at that time, and that the matter be continued until September 12, 1940, "for the purpose of checking to see that Mr. Erickson complies with the order of the court." The order also provided that the matter could be called up by either side on ten days' written notice at any time prior to September 12, 1940.

Plaintiff paid the sixty dollars due April 29, 1940, but did not pay the sixty dollars due May 29, 1940, whereupon, after due service by defendant upon plaintiff of motion in accordance with the foregoing order, hearing was had in the matter of failure of plaintiff to pay the money due May 29, 1940. That hearing resulted in entry of an order, June 19, 1940, which held plaintiff in contempt of court for failure to make the payment due May 29, 1940, and required him to pay the amount in question into the registry of the court within forty-eight hours on penalty of confinement in the county jail until the sum was paid. Plaintiff appealed, and was permitted to file supersedeas and cost bond on appeal in the amount of five hundred dollars.

Appellant argues that, despite the fact that he may be financially able to make the monthly payments for support of his children, the trial court was without authority to adjudge him guilty of contempt to pay the support money provided in the interlocutory order and decree, for the reason that that order and decree created a fund which is entirely in the possession and under the control of the respondent, which fund is required to be used to pay the support money for the children in the event the appellant failed to make the monthly payments. Appellant insists

" . . . that the decree be enforced as actually written and not . . . that the default must be caused by the appellant being sick or out of work. If

the lower court had intended that these conditions must arise to cause the default, the order would have specified the nature of the defaults. Since it does not, it would cover any default."

Appellant's position is an anomalous one. He did not appeal from the interlocutory order which awarded a divorce to respondent and provided for monthly payments for support of his children. Appellant did not question authority of the court to require such payments nor did he deny the duty devolving upon him of supporting his children until they arrived at their majority. He did not challenge the authority of the court to require him to make those payments or be confined in jail for contempt of court. Appellant is not, in fact, seeking an interpretation of the meaning of the interlocutory order and decree; rather, he is endeavoring to modify an order and a decree, from which he never appealed, by refusal to obey that order and decree.

This is not a case where alimony was placed in trust or where a trustee for alimony award has been appointed. This is simply a case under Rem. Rev. Stat. (Sup.), § 988 [P. C. § 7507], which provides for entry by the trial court of an order which shall make all necessary provisions as to alimony, costs, care, custody, and support of children, in which the trial court required security for the monthly payment of money for the support of the children.

Attention is directed to italicized portion of the pertinent paragraph of the order creating the fund. The order provides that the shares of certain stock shall be delivered to the respondent to be kept by her in trust, subject to certain conditions, one of which is that respondent hold that stock until the younger child is twenty-one years of age, at which time the shares of stock shall be divided equally be-

tween the respondent and appellant. Those conditions, however, are subject to the provision that, if the appellant fails to make any of the monthly payments, respondent is authorized to sell the stock and use the proceeds to make the payments for support of the children, "it being the intention of this court that said stock shall be security for said payments."

It is plain that the shares of stock were delivered into the possession of respondent, upon conditions specified, as security for the monthly payments due for the support of the children, and that no clearer language could be employed to express the purpose of the parties and the intent of the court than the language which was used to provide that the remedy by and against such security was cumulative and not exclusive. The very purpose of the security for payment of the support money monthly for the children would be defeated, if appellant were permitted to refuse to make the monthly payments, as this trust fund or additional security to protect the children was for use only in case of emergency; that is, if the appellant, prior to the time these children arrived at their majority, became unable to provide for the support of those children. The very fact that appellant was ordered to make the payments monthly would otherwise have no meaning.

While, as stated by appellant, in some jurisdictions resort may not be had to proceedings for contempt where the allowance for alimony is secured by a lien or is capable of enforcement by execution or otherwise, the text writer of 17 Am. Jur. 507, § 666, directs attention to the fact that, in other jurisdictions, the courts do not require "that such methods be first exhausted or proved to be futile before seeking an attachment for contempt."

The remedy of sale of the security (the shares of stock) for the monthly payments, like the statutory remedy by execution, is merely cumulative and does not affect the inherent power of the court to enforce by contempt proceedings the monthly payments for the support of the children. 19 C. J. 302.

In *State ex rel. Foster v. Superior Court,* 193 Wash. 99, 74 P. (2d) 479, we held the award in that case was not one for alimony but was a property award, hence the provisions of the decree could not be enforced by contempt, but that, if the decree were one providing for alimony, resort might be had to contempt proceedings in order to enforce its performance.

In *Phillips v. Phillips,* 165 Wash. 616, 6 P. (2d) 61, in which we reviewed the authorities respecting the enforcement by contempt proceedings of the rights of a party under a decree for alimony payable in installments, we held that each installment became a final judgment for that amount of money as it became due and was enforceable by execution. Nevertheless, we approved the use of contempt proceedings to enforce payment of the delinquent installments. This is in harmony with the weight of authority to the effect that a statutory remedy by execution—as installments of alimony become a final judgment when due, they take the status of any other judgment for money—is cumulative, as is the remedy by and against the security held by respondent for payment of the monthly installments for support of the children. Such remedy does not affect the inherent power of a court to enforce by contempt proceedings the payment of alimony.

*Gust v. Gust,* 78 Wash. 412, 139 Pac. 199, cited by counsel for appellant, is not in point. We found there was no reason to disbelieve the affidavit of defendant

that he was unable to pay the suit money in that divorce case, hence he was not guilty of contempt.

In *O'Callaghan v. O'Callaghan,* 69 Ill. 552, the court held that the mere fact that a decree in a divorce suit for the payment of alimony is made a lien upon the defendant's real estate, which may be sold in discharge of the decree, furnishes no sufficient reason why an attachment should not issue against the defendant requiring him to show cause why he should not be adjudged guilty of contempt in refusing to obey the order of the court. The court said:

"The sequestration of property was not intended to supersede proceedings by contempt, but on the contrary it was in aid of it, and resorted to either where the contemnor could not be arrested upon process, or where, having been arrested, he remained in prison, without paying obedience to the court."

See, also *Cain v. Miller,* 109 Neb. 441, 191 N. W. 704, 30 A. L. R. 125; *Wightman v. Wightman,* 45 Ill. 167.

The further contention of counsel for appellant that it was error for the court to hold appellant in contempt in view of his inability to pay the support money, is without merit. The evidence, which the order reflects the trial court accepted as true, established the fact that appellant did not lack funds with which to satisfy the provision of the decree respecting the support of his children.

██ Appellant's contention that he should not be adjudged guilty of contempt of court for failure to pay support money for the children, in view of the fact that there was more than sufficient money in the possession of respondent, derived from the income of the trust fund, to pay the installment then due, is without merit. His duty, as stated above, is to support his children and comply with the decree of the

court. Respondent's cumulative remedy may not be invoked to relieve appellant of his responsibility.

We have examined all of the authorities cited and find none out of harmony with our opinion.

The judgment is affirmed.

ROBINSON, C. J., BEALS, SIMPSON, and JEFFERS, JJ., concur.