## THE PEOPLE *ex rel.* H. A. WRIGHT *et als. v.* THE COUNTY JUDGE OF PLACER COUNTY.

VIOLATION OF AN INJUNCTION.—The District Court alone has jurisdiction to try and punish for a contempt for the violation of an injunction issued out of the District Court.

PETITION for writ of prohibition.

This was an original proceeding commenced in the Supreme Court to obtain a writ of prohibition, to prevent the County Judge of Placer County from proceeding to try and punish for contempt the relators, who were charged for violating an injunction issued out of the District Court.

*H. H. Hartley,* for Relators.

*Chas. A. Tuttle,* for Respondent.

By the Court, SHAFTER, J.

This is a petition for a writ of prohibition. The petition represents that on the 15th day of June, 1864, Griffith Griffith exhibited his bill of complaint in the District Court of the Fourteenth Judicial District, against J. P. Robinson and others, and in said action prayed for the issuance of a writ of injunction. That after the filing of the bill in the District Court, Griffith made an *ex parte* application to the defendant, County Judge, etc., for the writ, to be issued out of the said District Court, and that it was thereafter so issued by the order of said Judge. That subsequently proceedings in contempt against relators were commenced, and are now pending in the County Court of Placer County, wherein they, the relators, are charged with a violation of the injunction. The petition charges that the County Court has no jurisdiction in the matter of those proceedings.

A County Judge in granting an injunction upon a bill filed in the District Court, acts as an injunction master, and exercises a power auxiliary to the jurisdiction of the District Court. The effect of the order is the same as if made by the District Court, and the injunction is subject to be controlled, modified or dissolved by the District Judge, the same as if issued by his order in the first instance. (*Crandall* v. *Woods,* 6 Cal. 449 ; *Borland* v. *Thornton,* 12 Cal. 440.)

The contempt complained of was neither a contempt of the County Court nor of the County Judge, but of the District Court in which the action was pending, and by whose authority, in legal contemplation, the writ of injunction was issued ; and it follows, if the relators were guilty of disobeying the writ, that the jurisdiction to try and punish them for the contempt is in the District Court alone.

Rule made absolute.

Mr. Chief Justice SANDERSON expressed no opinion.