[S. F. No. 2755. In Bank.—December 4, 1901.]

## CHRIST KNUTTE, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

CONTEMPT — IMPRISONMENT FOR NON-PAYMENT OF RENT — CONSTITUTIONAL LAW. — Rent due and unpaid constitutes a debt from the tenant to the landlord, and upon the tenant's refusal to pay it to a receiver, in pursuance of an order made in an action to foreclose a mortgage of the leased premises, the court has no authority to punish its non-payment by imprisonment for contempt. Such a proceeding is in contravention of section 15 of article I of the state constitution, forbidding the imprisonment of any person for debt in any civil action, except in case of fraud.

APPLICATION for a writ of prohibition to the Superior Court of the City and County of San Francisco. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

Daniel Suter, for Petitioner.

Samuel H. Samter, for Respondent.

THE COURT.—The petitioner sued for and obtained an alternative writ of prohibition from this court, upon averments in his petition to the effect that he was the grantee of the mortgagor and in possession of the mortgaged premises; that a foreclosure suit had been instituted and a receiver appointed, and that by order of court he was directed to attorn to the receiver and pay a monthly rent of twelve dollars, or surrender possession of the premises; that for his refusal so to do he was cited before the court, and that the court made its order that he pay to the receiver twelve dollars a month rent. Upon his refusal to comply with this order, he was cited to appear before the court and show cause why he should not be adjudged guilty of contempt for failure to comply with the order made and entered directing him to pay the sum of twelve dollars per month rent; that there was every reason to believe that as a result of these proceedings he would be unjustly and unlawfully found guilty of contempt and punished accordingly.

The proposition thus presented, and the one argued upon the hearing, was the right of the court to enforce the collection of rent by summary proceedings in contempt. Section 15 of article I of the constitution of this state forbids the imprisonment of any person for debt in any civil action, except in case of fraud, and it is conceded that a judgment in contempt against this petitioner for his refusal to pay rent, or an order directing him to stand committed until he pay the rent, would be violative of this provision of the constitution, and void, if the rent due shall be regarded, within the meaning of section 15, as a "debt." But it is so plain a proposition that rent due and unpaid constitutes a debt from the tenant to the landlord, that the need of discussion upon the question is absolutely foreclosed. The proceedings in contempt, having for their avowed end the enforcement of the order of court for the payment of rent, are illegal and unconstitutional.

It is therefore ordered that the rule be made absolute and the respondent be prohibited from proceeding further in the said matter of contempt.