[Crim. No. 1153. First Appellate District, Division One.—September 11, 1923.]

Ex parte OSCAR VON GERZABEK on Habeas Corpus.

[1] CONTEMPT — TERMS OF ORDER — COMPLIANCE — ABILITY OF CONTEMNER.—CONCLUSIVENESS OF FINDING ON HABEAS CORPUS—JURISDICTION.—In a proceeding to punish for an alleged contempt the finding of the court as to the ability of the contemner to comply with the terms of the order is conclusive on *habeas corpus* and the prisoner cannot be discharged from custody if the facts showing jurisdiction appear upon the record.

[2] HABEAS CORPUS—USE OF WRIT.—The writ of *habeas corpus* cannot be used as a basis for review as upon appeal.

[3] CONTEMPT—FAILURE TO PAY ALIMONY—ORDER OF COMMITMENT—ABILITY OF HUSBAND—FINDING CONCLUSIVE ON HABEAS CORPUS—EXTENT OF IMPRISONMENT.—In a proceeding for contempt for failure to pay alimony as required by an order of court, the finding of the trial court in its order of commitment that the husband was able to comply with the order is conclusive on *habeas corpus*, and his ability in this respect being established, he may

---

3. Compelling payment of alimony by contempt proceedings, note, 24 L. R. A. 433.

Present inability to pay as defense to contempt proceedings to enforce payment of past installments of alimony, nonpayment of which is inexcusable, note, 9 A. L. R. 265.

63 Cal. App.—42

be imprisoned until such time as he complies with its conditions, notwithstanding the term of imprisonment may exceed five days.

[4] Id.—Constructive Contempt—Affidavit—Contents.—In a proceeding for the punishment of a constructive contempt, that is, one committed out of the presence of the court, the affidavit of facts forming the basis of judicial action constitutes the complaint, and it must show upon its face a contempt of court; if it does not, then the court is wanting in jurisdiction and the order of contempt is void, as the absence of a recital of jurisdictional facts is the equivalent of the utter absence of an affidavit. In such case it is immaterial what may be shown to the court upon the hearing, or specified and found by the court in its decree adjudging the accused guilty of contempt; the proceedings are void *ab initio.*

[5] Id.—Nature of Contempt Proceedings—Affidavit.—Proceedings in contempt are in their nature criminal in character, and the court exercises but a special and limited jurisdiction therein; and if the affidavit upon which they are founded is jurisdictionally defective it necessarily follows that the judgment founded thereon is equally defective and cannot stand.

[6] Id.—Nonpayment of Alimony—Ability to Pay—Pleading—Affidavit—Jurisdiction.—It is not essential as a condition precedent to the exercise of the power to punish for contempt for nonpayment of alimony that the initiatory affidavit or complaint allege the ability of the contemner to comply therewith where the court has found that he has such ability, the only jurisdictional facts required to be stated in the affidavit being the making of the order and the disobedience of it.

PROCEEDING in Habeas Corpus to secure release from custody on charge of contempt of court. Writ discharged and prisoner remanded.

The facts are stated in the opinion of the court.

Mervyn R. Dowd for Petitioner.

Walker Peddicord for Respondent.

R. M. J. Armstrong for Sheriff of City and County of San Francisco.

5. Distinction between civil and criminal contempt, notes, 21 Ann. Cas. 907; Ann. Cas. 1916B, 959.

TYLER, P. J.—Petitioner seeks to be discharged from the custody of the sheriff of the city and county of San Francisco, by whom he is held under an order of the superior court adjudging him guilty of contempt in failing and refusing to pay certain sums as alimony in a divorce proceeding.

The record shows that on the third day of April, 1922, the court below in the divorce action entered an order requiring petitioner to pay the sum of $50 on or before the fourteenth day of April, 1922, and a like sum on or before the seventh day of each and every month thereafter until the further order of the court as and for alimony and maintenance pending the divorce action, and the sum of $25 on account of counsel fees, together with certain costs, and that such order is still in full force and effect. It also appears that after making certain payments petitioner became in arrears, whereupon his wife obtained an order to show cause why petitioner should not be punished for contempt of court in failing to make payments. Upon the hearing petitioner was committed to jail for failure to comply with the order. He applied for a writ of habeas corpus before this court, and upon the hearing he was discharged from custody, this court holding that as the affidavit of petitioner's wife on the order to show cause, which was the basis of the hearing on which petitioner was committed, was made on information and belief as to petitioner's ability to comply with the order, it was insufficient, and that the court below, in the absence of positive averments upon the subject, was without jurisdiction to hear or determine the matter. The order of commitment was accordingly declared void.

The petition further shows that since his discharge and upon the thirteenth day of July, 1923, the wife again obtained an order to show cause why petitioner should not be punished for contempt for failure to comply with the terms of the original order. The matter came on regularly for hearing on the thirteenth day of July, 1923. The affidavit upon which this hearing was based was also made by the wife, and it failed to allege either upon information and belief or otherwise any facts tending to show that petitioner was able to comply with the court's order. It also appeared on the hearing that petitioner had paid under

.the order the sum of $335.50, but that there was still owing and unpaid from petitioner to his wife the sum of $499.50.

On August 31, 1923, when the matter was again brought on for hearing, petitioner testified that he had paid the sum of $24 under the order, and he claimed that this sum was all he had earned since July 13, 1923. The court thereupon ordered him imprisoned indefinitely and until he complied with the order in full.

It is claimed that such order is void for the reason that the court exceeded its jurisdiction in ordering that petitioner be imprisoned beyond a period of five days, and for the further reason that it was made upon insufficient testimony upon the question of petitioner's ability to comply therewith. It is also urged as an additional reason for a reversal that the commitment is based upon an insufficient affidavit, and is therefore void.

[1] It is an established doctrine that in a proceeding to punish for an alleged contempt the finding of the court as to the ability of the contemner to comply with the terms of the order is conclusive on *habeas corpus,* and the prisoner cannot be discharged from custody if the facts showing jurisdiction appear upon the record (*Ex parte Spencer,* 83 Cal. 461 [17 Am. St. Rep. 266, 23 Pac. 395]). [2] The writ of habeas corpus cannot be used as a basis for review as upon appeal (*Ex parte Cottrell,* 59 Cal. 417; *Ex parte Clark,* 110 Cal. 405 [42 Pac. 905]; *Ex parte Levin,* 191 Cal. —— [215 Pac. 908]). The question is one of fact which the court making the order has the right to determine. [3] Here the court found in its order of commitment that petitioner ·was able to comply with the order, and this adjudication is conclusive upon this hearing. And the ability of the contemner in this respect being established, he may be imprisoned until such time as he complies with its conditions, notwithstanding the term of imprisonment may exceed five days (Code Civ. Proc., sec. 1219; *Ex parte Karlson,* 160 Cal. 378 [Ann. Cas. 1912D, 1334, 117 Pac. 447]).

This brings us to the question as to the sufficiency of the initiatory affidavit.

[4] In a proceeding for the punishment of a constructive contempt, that is, one committed out of the presence of the court, the affidavit of facts forming the basis of judi-

cial action constitutes the complaint, and it must show upon its face a contempt of court; if it does not, then the court is wanting in jurisdiction and the order of contempt is void, as the absence of a recital of jurisdictional facts is the equivalent °of the utter absence of an affidavit (*Overend* v. *Superior Court,* 131 Cal. 280, 284 [63 Pac. 372] ; *Hutton* v. *Superior Court,* 147 Cal. 156, 159 [81 Pac. 409] ; *Berger* v. *Superior Court,* 175 Cal. 719 [15 A. L. R. 373, 167 Pac. 143] ; *Strain* v. *Superior Court,* 168 Cal. 216 [Ann. Cas. 1915D, 702, 142 Pac. 62]). In such case it is immaterial what may be shown to the court upon the hearing, or specified and found by the court in its decree adjudging the accused guilty of contempt. The proceedings are void *ab initio* (*Hutton* v. *Superior Court, supra*). [5] Proceedings in contempt are in their nature criminal in character, and the court exercises but a special and limited jurisdiction therein; and if the affidavit upon which they are founded is jurisdictionally defective it necessarily follows that the judgment founded thereon is equally defective and cannot stand (*Frowley* v. *Superior Court,* 158 Cal. 220 [110 Pac. 817]). [6] Although there is some authority to the contrary (*Hawthorne* v. *State,* 45 Neb. 871 [64 N. W. 359]), it has been generally held that it is not essential as a condition precedent to the exercise of the power to punish for contempt for nonpayment of alimony that the initiatory affidavit or complaint allege the ability of the contemner to comply therewith where the court, as here, has found that he has such ability, and that the only jurisdictional facts required to be stated in the affidavit are the making of the order and the disobedience of it (13 C. J., p. 66; *Andrew* v. *Andrew,* 62 Vt. 495 [20 Atl. 817] ; *Curtis* v. *Gordon,* 62 Vt. 340 [20 Atl. 820] ; *Mackenzie* v. *Mackenzie,* 238 Ill. 616 [87 N. E. 848] ; *Galley* v. *Galley,* 33 Ohio C. C. 161; *In re Meggett,* 105 Wis. 291 [81 N. W. 419]). This rule has been adopted by our supreme court (*In re McCarty,* 154 Cal. 534 [98 Pac. 540]). The precise contention here made was there presented and passed upon. It was held in that case that where in an action for divorce a valid order has been made directing a husband to pay a monthly sum to his wife as alimony, and that such order finds that he has the ability to make the payments, it is unnecessary, in order to confer juris-

diction upon the court of a subsequent proceeding to punish him for contempt for failure to comply with the order, that the affidavit of the wife upon which the proceeding is based should state that he had the ability to make the payments. On the hearing of·the contempt proceeding the wife establishes a *prima facie* case by producing the original order for alimony and proof of the refusal of the husband to make payment according to its terms. It was there further held that the husband may purge himself of contempt by presenting upon the hearing any legitimate excuse he might have, including the fact that since the making of the original order he has become unable to pay the alimony.

This precise situation existed at the time of the hearing of the former application upon *habeas corpus* when defendant was discharged, but the case last cited was not then brought to .the attention of the court. Both the present and the former order of commitment recite that petitioner has at all times since April 3, 1922, the date of the original order, been and now is amply able to comply with its terms. This being so, for the reason stated we will not adhere to the rule adopted by this court upon the former hearing.

The writ is discharged and the prisoner remanded.

St. Sure, J., concurred.