[Civ. No. 6043. Second Appellate District, Division Two.—July 16, 1928.]

HULETT C. MERRITT, Jr., Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Russell & Heid and Theodore Hull for Petitioner.

Young & Young for Respondents.

THOMPSON (IRA F.), J.—This is an application for a writ of prohibition to prevent the respondent judge from sentencing petitioner for contempt of court. In an action for divorce wherein the petitioner was defendant he was ordered, on December 1, 1926, to pay to the plaintiff in that action (he having stipulated that the order might be made) as permanent alimony the sum of $750 per month and the further sum of $250 per month for the support and maintenance of a minor child. He was also ordered to carry a life insurance policy in the principal sum of $50,000, the annual premium of which was $616.60 for the year 1928, and to pay plaintiff the sum of $35,000 in cash. Petitioner has another daughter by a previous marriage for whose support he is also under order to pay the sum of $100 per month. Petitioner having failed to pay the $1,000

due on March 1, 1928, for the support of his wife, who is plaintiff in the divorce suit now pending and mother of the child of the marriage there sought to be terminated, the respondent court did on March 8, 1928, make its order requiring petitioner to appear and show cause why he should not be punished for contempt. After hearing the testimony of petitioner, the respondent judge made an order on March 16th finding him guilty of contempt and continuing the matter for sentence to March 27, 1928. On the last-named date further testimony of the petitioner was taken and the matter of imposing sentence was continued until March 30th. It is to prevent this sentence that the writ is sought.

The petitioner contends that the court is without jurisdiction to impose the sentence for two reasons: First, because there is no finding in the minute order to the effect that petitioner had the ability to pay, and, second, that the undisputed testimony shows that he did not have the ability to pay. The respondents deny both of these assertions and take the position that petitioner cannot avail himself of the prohibitive writ but must await the sentence and then seek his relief through either the writ of certiorari or habeas corpus.

The minute order makes no mention whether petitioner had the ability to make payment. It is said, however, in a bill of exceptions which it has been stipulated may be considered on this hearing as the record of testimony offered and received at the hearing and orders and findings of the court, that the respondent judge did ''make a finding that said Hulett C. Merritt, Jr., was able to comply with the orders of court theretofore made in the above-entitled matter with reference to the payments of alimony and monies for the care, education and maintenance of the minor child of the parties hereto, found the said defendant guilty of contempt and continued the hearing to March 30th, 1928, for sentence.''

It is undeniable that the order adjudging one guilty of contempt must on its face recite facts showing the contempt. (*Bakeman* v. *Superior Court*, 37 Cal. App. 785 [174 Pac. 911], and cases there cited; *Overend* v. *Superior Court*, 131 Cal. 280 [63 Pac. 372].) The ruling necessary on this precise question is so obvious in view of the authorities that it would require no further comment were it not for the

recital in the bill of exceptions that the trial court found that petitioner had the ability to pay. May we consider this statement in the bill?

It will be observed, first, that the stipulation by which we are authorized to consider the statement referred to recites that it "is the record of testimony introduced and orders and findings of the court on said contempt proceedings." There is no finding, and nothing except the statement that a finding was made. There can be no doubt that the only thing which remains for the trial court to do is to fix the penalty and issue the commitment. If the court had taken these steps it is apparent that the record would not support the judgment in the absence of a finding in the order adjudging petitioner guilty. Such is the effect of the authorities already cited, and such is the deduction of reason. Any other course would leave open to conjecture the question of jurisdiction, contrary to established procedure. From these observations it is apparent that the order adjudging petitioner guilty of contempt is in effect a judgment. It is said in 14 California Jurisprudence, at page 84, that "whether an order is in legal effect a judgment seems to depend upon whether it is a final determination of the rights of the parties as the result of adversary proceedings in which issues are framed and the parties are given an opportunity to present their contentions on the merits." Accordingly, it has been held that orders in probate are in effect judgments when they meet the test thus stated. (*Estate of Harrington,* 147 Cal. 124 [109 Am. St. Rep. 118, 81 Pac. 546].) Also, considerable light is shed upon the effect of this order by the case of *People ex rel. Day* v. *Bergen,* 6 Hun (N. Y.), 267, wherein it was held that where the warrant of commitment contained words which were not contained in the order adjudging the contempt, the words so inserted were unauthorized and the warrant was set aside, the court saying: "We are bound to suppose that the language of the order, convicting the defendant of contempt, deliberately and accurately expresses the full intention of the court which made it." And, again: "An order of this character . . . must be strictly construed and is not to be extended by implications and intendments. . . ." The only reasonable interpretation which we can ascribe to the statement in the bill of exceptions that the court found

that petitioner had the ability to meet the payment required by the order is that it silently determined that to be the fact without including it in the order. We are of the opinion that we can look to the face of the order only for the necessary support for the sentence which the respondent court threatens to impose.

But a finding that he was able to pay was impossible in view of the state of the testimony. The only witness to testify at the hearing was the petitioner. If, as is said in *Myers* v. *Superior Court*, 46 Cal. App. 206 [189 Pac. 109], his testimony was ''false, then there is absolutely no evidence before the court'' and the ''court was without jurisdiction to make the order in question.'' Further, if his testimony is to be taken as true, he has no property other than his salary. On March 1st he received his salary of $1,250, out of which he paid $280 income tax, $500 to his former wife on account of the alimony, $100 under order of court to another daughter, approximately $204 for groceries, cleaning and laundry bill, with $10.53 in the bank and the remainder of $155.47 unaccounted for, except that he has two servants for whom he pays at the rate of $80 per month each and by the explanatory statement that on account of his position as ''manager of the Tajus Ranch'' he is compelled ''to do quite a bit of entertaining for'' his ''father's guests, which costs $400 to $500 a month.'' While it is true that he has been remarried, he testified that his wife paid for her servants out of her own independent means. He also testified that his father has refused to pay his living expenses since February 1st. Manifestly this testimony fails to show that petitioner had the ability to pay the sum of $500, which was the amount unpaid when the order was made on March 16th, and also fails to show that he had the ability to pay $250, the balance remaining on March 27, the petitioner having secured an advance on his salary payable April 1, 1928, between the 16th and the 27th, and applied it to the payment of alimony. It is quite true that he cannot live luxuriously and thus depreciate his ability to pay, and it is equally true that he must live in such a manner as to be able to earn and draw his salary. The courts have uniformly recognized necessary expenses as legitimate in order to arrive at the net income as a basis for determining one's ability to comply with the order. (*Snook*

v. *Snook*, 110 Wash. 310 [9 A. L. R. 262, 188 Pac. 502]; *Holcomb* v. *Holcomb*, 53 Wash. 611 [102 Pac. 653].) The testimony being insufficient to support a finding that petitioner had the ability to comply with the order of the court, certainly cannot support a recital that such a finding was made, even if the recital were regarded as a finding.

There remains for consideration the question raised by respondents that prohibition will not lie but that petitioner must wait until sentence has been pronounced and then seek the writ of review or *habeas corpus*. We think counsel's contention in this regard cannot be upheld. The prohibitive writ has been made use of in similar instances, as follows: *People* v. *County Judge*, 27 Cal. 151; *Gordan* v. *Buckles*, 92 Cal. 481 [28 Pac. 490]; *Knutte* v. *Superior Court*, 134 Cal. 660 [66 Pac. 875], and *Bakeman* v. *Superior Court, supra*. The last-cited case is very similar to the one before us and its authority, supported by reason, would be a sufficient answer to respondent's assertion. However, we find the rule succinctly stated in *Commercial Bank* v. *Superior Court*, 192 Cal. 395 [220 Pac. 422], as follows: "The trial of contempt proceedings has sometimes been stayed by a writ of prohibition where it is manifest from previous orders or decisions of the court that it will proceed notwithstanding a lack of jurisdiction." The instant case is one of those thus described.

The peremptory writ will issue.

Works, P. J., and Craig, J., concurred.