[Crim. No. 1540. First Appellate District, Division One.—July 12, 1929.]

In the Matter of the Application of WILLIAM A. LEET for a Writ of Habeas Corpus.

Clarence A. Linn for Petitioner.

Hugh K. McKevitt, Holloway Jones and Leo A. Cunningham for Respondent.

TYLER, P. J.—*Habeas corpus* to review an order of the Superior Court of the city and county of San Francisco committing petitioner to jail for contempt of court in failing to comply with the terms and provisions of an order of said court requiring him to pay to his ex-wife the sum of two thousand eight hundred dollars, the amount due under a property settlement had between the parties.

The record shows that one Doris Leet and petitioner were husband and wife; that on the twenty-third day of December, 1927, Doris Leet obtained an interlocutory decree of divorce from petitioner; that prior to the granting of this decree the parties entered into a written agreement, by the terms of which they settled and adjusted all their property rights growing out of or connected with their marital relation. Under the agreement, petitioner agreed to pay his wife certain sums from time to time for her support and maintenance. The substance of this agreement was incorporated in the interlocutory decree. The petitioner failed to comply with the terms of the decree in this particular and he was ordered to show cause why he should not be punished for contempt by reason thereof. He was the only witness upon the hearing. He testified that he had no funds and owned no real estate, stocks, bonds, securities or other personal property of any kind or character, nor was any property held in trust for him. He further testified that at the time he signed the property settlement agreement he thought his mother would provide the funds with which to pay the same, but she had refused to do so. He also testified that his employer had failed in business and he had in consequence lost his position and had been out of employment for a period of over six months. At the conclusion of his testimony the court adjudged petitioner guilty of contempt and signed an order committing him to the county jail until he complied with the terms of the interlocutory decree requiring him to pay the sum of two thousand eight hundred dollars.

It is here claimed that as the evidence shows without conflict that petitioner did not have the ability to comply with the terms of the interlocutory decree, the order adjudging him in contempt· of court is without evidence to support it. We see no escape from this contention. As

above stated, the only testimony taken upon the proceeding was that of petitioner. This testimony was either true or false. As was said in *Myers* v. *Superior Court*, 46 Cal. App. 206 [189 Pac. 109], if true, the evidence shows that petitioner was without means to comply with the order; if false, then there is no evidence before the court upon the subject. In either event, the order of the court was made without authority of law. (See *Merritt* v. *Superior Court*, 93 Cal. App. 177 [269 Pac. 547]; *In re Harris*, 81 Cal. App. 498 [253 Pac. 953]; *Ex parte Todd*, 119 Cal. 57 [50 Pac. 1071].)

We are cited to *In re McCarty*, 154 Cal. 534 [98 Pac. 540], and *In re Rasmussen*, 56 Cal. App. 368 [205 Pac. 72], to the effect that on the hearing of a contempt proceeding growing out of the husband's failure to pay alimony, it is not necessary for the wife to prove anything more than the making of the order and the disobedience of it by her husband in refusing to pay the amount which the court found he had the ability to pay when it made the order; that she makes a *prima facie* case at the hearing by producing the original order and by proof of the refusal of her husband to make payments according to its terms. In both these cases, however, it was recited in the original order directing the payment of alimony that defendant had the ability to pay. Here there is no such finding. Under the property settlement, which was carried into the interlocutory decree, the husband merely agreed to use his best efforts to acquire the amount fixed in the decree.

There being no evidence in the record to support any finding upon which to predicate an order of contempt, it follows that the writ should be granted and the petitioner discharged from custody. It is so ordered.

Knight, J., and Cashin, J., concurred.