[Crim. No. 2226. Second Appellate District, Division Two.—May 20, 1932.]

In the Matter of the Application of ERIC R. WILSON for a Writ of Habeas Corpus.

Richard H. Cantillon and Henry G. Bodkin for Petitioner.

George Acret and John Perry Wood for Respondent.

THOMPSON (IRA F.), J.—The petitioner was adjudged guilty of contempt of court for wilful failure to pay alimony, costs, counsel fees and for failure to deliver possession of the family home to the wife. He asserts that the court was without jurisdiction to find him in contempt for the following reasons: (1) There was no evidence of his ability to comply with the order; (2) the trial court was divested of jurisdiction of the subject matter of the order . to pay alimony, suit money and attorneys' fees by reason of an appeal to the Supreme Court from such order, filed after he was adjudged guilty of contempt but before the

commitment was signed, and (3) that an execution had been levied upon the home of the parties, hence the plaintiff in the divorce action had elected her remedy and could not apply to the court to have petitioner cited for contempt.

It is essential to bear in mind that in a *habeas corpus* proceeding we are precluded from inquiring into the reasonableness of the order for the payment of alimony. We are concerned solely with the question whether the court had the jurisdiction to adjudge the petitioner guilty of contempt. The court in the instant case found as a fact that petitioner was able to comply with the order which had been made in the previous month. In the case of *Ex parte Levin*, 191 Cal. 207 [215 Pac. 908], it is said "that such adjudication is conclusive on *habeas corpus*", citing a number of cases to which reference may be had. We are in accord with this statement as the general rule of law applicable in such cases. It is probably true that where there is an entire failure to establish the jurisdictional facts, or where the processes of the law have been simulated to give the appearance of a trial although in fact and in law there has been no trial of the issue, the record may be resorted to for the purpose of showing the lack of jurisdiction in this particular. But the writ of *habeas corpus* may not be utilized to review, as though by appeal, the order of the trial court. The affidavit upon which the order directing petitioner to appear and show cause why he should not be punished for contempt expressly averred that he was able at all times subsequent to the making of the order to pay the sums of money ordered to be paid by the court. Furthermore, the case of *In re McCarty*, 154 Cal. 534 [98 Pac. 540, 542], is authority for the declaration that where the court has made its order, after due hearing, directing the husband to make certain payments by way of alimony it is not incumbent upon the wife to affirmatively establish other than by the order his ability to pay. It is there said: "She makes a *prima facie* case at the hearing by producing the original order, and by proof of the refusal of her husband to make payment according to its terms, and this being true she is not required to set forth in her affidavit anything more than she is required to prove. The proceeding in contempt is designed to punish the delinquent husband for disobeying the order of the court and to enforce obedience to

it, and at the same time an opportunity is given him to purge himself of contempt by presenting any legitimate excuse he may have, and if his excuse is that since the making of the original order he has become unable to pay the alimony required by it, it is incumbent upon him to prove that fact. He is in the best position to show why for any reason he has not, obeyed the order, and it is his duty to do so as a matter of defense. It is not necessary for the wife to allege his ability to comply with the original order. The court had originally found that he had such ability, and the only jurisdictional facts required to be stated in the affidavit were the making of the order and disobedience to it by refusal to pay."

The petitioner places particular reliance upon *In re Leet,* 99 Cal. App. 788 [279 Pac. 466]. But the distinction between that case, the Levin case and the instant cause is apparent. In the first-named proceeding the order for the payment of alimony was based upon a stipulation of the parties which was incorporated in the interlocutory decree. There was no finding of ability to pay and no evidence offered to prove the jurisdictional fact. The only testimony upon the point came from the petitioner, who swore that he was without funds with which to pay the sums required by the stipulation and the order. A reading of *Merritt* v. *Superior Court,* 93 Cal. App. 177 [269 Pac. 547], will reveal that the order for the payment of alimony was also based upon a stipulation, and, further, that there was there no finding of the husband's ability to pay.

It has been suggested that the case of *In re Chaus,* 92 Cal. App. 384 [268 Pac. 422], is authority for the proposition of law that in a *habeas corpus* proceeding the court will review the evidence. In that case the question was presented whether the petitioner was guilty of one or two offenses. The trial court had concluded as a matter of law that he was guilty of two. To determine the court's jurisdiction to sentence him for the second offense in accordance with this conclusion of law it was necessary to review the facts constituting the offense. This is quite a different thing from reviewing the testimony to determine the sufficiency of the evidence.

█ Petitioner's second argument is concluded by the case of *Ex parte Cottrell,* 59 Cal. 417, and by sound logic.

The notice of appeal from the order for the payment of alimony was not given until after the trial court had announced its decision that petitioner was guilty of contempt. Obviously the disobedience for which he was ordered confined occurred prior to that time. Likewise it is patent that the order had not been stayed.

The lack of merit in the third contention, that plaintiff in the divorce action had elected her remedy by causing execution to be levied on the home—although no order to sell had ever been given—is made apparent by calling attention to the fact that the proceeding to punish for contempt is not a right primarily of the party litigant but is a method pursued by the court to compel obedience to its orders and to punish the wilful disobedience thereof. Hence the doctrine of election of remedies has no application here.

The order has heretofore been made discharging the writ and remanding the petitioner.

Works, P. J., and Fricke, J., *pro tem.*, concurred.