[Crim. No. 84. Fourth Appellate District.—April 5, 1933.]

In the Matter of the Application of JOHN F. MEYER for a Writ of Habeas Corpus.

Meserve, Mumper, Hughes & Robertson and Leo E. Anderson for Petitioner.

Lester G. King for Respondent.

CAMPBELL, J., *pro tem.*—Petitioner is in the custody of the sheriff of San Bernardino County under a judgment finding him guilty of contempt of court in failing to comply with an order directing the payment of alimony. On October 6, 1932, the trial court made its order as follows:

"Now, therefore, it is hereby ordered, adjudged and decreed, that the plaintiff, John F. Meyer, shall pay the Defendant the sum of Fifty dollars ($50.00) per month as and for her support *pendente lite,* said sum to be paid in bi-monthly installments as follows: Twenty-five dollars ($25.00) forthwith and twenty-five dollars ($25.00) on the 5th and 20th day of each and every month, from and after the date hereof, commencing with the 20th day of October, 1932, until a further order of the Court in the premises.

"And it is further ordered, adjudged, and decreed, that said Plaintiff shall pay the Defendant, as and for her attorney's fees herein the sum of One Hundred twenty-five dollars ($125.00) forthwith and an additional sum of One Hundred twenty-five dollars ($125.00) within sixty days from the date hereof, without prejudice to a further order of the court in the premises."

Petitioner was not present in court when the order was made. He was represented by counsel, however. Petitioner was personally served with a copy of the said order on February 10, 1933, concurrently with an order to show cause issued on the same day, directing him to appear on the twenty-seventh day of February, 1933, then and there to show cause why he should not be punished for contempt of court for violating the said order. Petitioner appeared on the appointed day and after a hearing the court adjudged him guilty of contempt of court and remanded him to the custody of the sheriff of San Bernardino County, state of California, for a period of three days, and to and until such time as petitioner shall have paid all sums due pursuant to the order of the court made on October 6, 1932.

 Respondent contends that mailing a copy of the order of October 6, 1933, to petitioner in Los Angeles, California, and a copy to petitioner's attorney is sufficient service of the original order upon which to base a contempt of court. Chapter V of the Code of Civil Procedure, which contains all of the provisions relating to the filing and service of papers, provides in sections 1011, 1012 and 1013 for the service of various papers upon parties or attorneys, and the same chapter in section 1016 provides as follows: "The foregoing provisions of this chapter do not apply to the service of a summons or other process or of any paper to bring a party into contempt." The code therefore specifically provides that before petitioner can be found in contempt of court he must be served personally. This section has been modified by the case of *Shibley* v. *Superior Court,* 202 Cal. 738 [262 Pac. 332], where it is provided that if a showing is made that the party is out of the state or concealing himself to avoid service of process, the trial court may then make an order for the service of the papers upon defendant's attorney of record. Such an order was not made in this case.

In the case of *Johnson* v. *Superior Court,* 63 Cal. 578, 580, the court says:

"But there are other difficulties in the way of sustaining the action of the respondent herein. It does not appear that there was any service of the order which the petitioner failed to comply with, unless the delivery of a copy of it to him in the State of Missouri constituted a service. The six sections

of the Code which immediately precede section 1016 provide several modes in which notices and papers may be served, but those provisions do not apply to the service 'of any paper to bring a party into contempt'. And where a party has an attorney in an action, service of papers to bring such party into contempt cannot be made upon such attorney. (Code Civ. Proc., sec. 1015.) Before a party can be brought into contempt for not complying with an order of court, such order must be served upon him, and the mere delivery to a person in Missouri of a certified copy of an order made by a court in this State, would not be a service upon him within the meaning of the law."

■ To place any other construction on section 1016 of the Code of Civil Procedure would be a plain violation of the spirit of the law. It appears to us that in this case petitioner could not have been found in contempt of court until after the service of the copy of the order upon him on February 10, 1933.

■ The court found that petitioner was making a salary of $185 per month, and in addition, $2 a day for traveling and automobile expenses; also that he had an automobile which he used in his business as a salesman. The court further found that petitioner had paid sums under the order of October 6, 1932, totaling $50, between the dates of February 23, 1933, and February 27, 1933, inclusive. The court further found that petitioner has had and now has the ability to comply with said order of the court made October 6, 1932. This statement is more of a conclusion than a finding.

At the time petitioner was served with the order of October 6, 1932, there had accrued under the order the sum of $450. The order of commitment was made February 27, 1933, seventeen days after the service of the order. In order that the trial court should have jurisdiction to make an order finding petitioner in contempt on February 27th, and committing him to the county jail, the court must have been able to find that petitioner had the ability between February 10th and 27th to pay the sum of $450, or a portion thereof, and the commitment should have been based on such a finding. The findings are silent as to petitioner's ability to pay after service of notice.

There is no record of the testimony taken at the contempt hearing before us, and it therefore becomes necessary for us to look to the findings and to the face of the order for the necessary support of the judgment (*Merritt* v. *Superior Court*, 93 Cal. App. 177 [269 Pac. 547]). From the findings it does not appear affirmatively that petitioner did have the ability, at the time of the hearing of the order to show cause on the contempt proceedings, to comply with the order, and the lack of such affirmative finding of ability to pay deprives the trial court of jurisdiction to find petitioner in contempt or to commit him in punishment thereof. ■ The court found that petitioner was earning $185 per month as a salesman, with automobile and traveling expenses of $2 per day. There is no finding as to the net income. The courts have uniformly recognized necessary expenses as legitimate in order to arrive at the net income as a basis for determining one's ability to comply with the order. The conclusion that petitioner had ability to pay falls of its own weight, for it is not supported by any finding. ■ The order cannot be sustained under section 1218 of the Code of Civil Procedure because a criminal contempt is punishable by imprisonment not exceeding five days, whereas petitioner faces life imprisonment in the county jail, for under the finding petitioner will never, if committed, be able to comply with the order, nor can the order be sustained under section 1219 of the Code of Civil Procedure, because it is only when the contempt consists of the omission to perform an act which is yet in the power of the person to perform that he may be imprisoned until he shall have performed it. Here the finding of the court shows affirmatively that petitioner cannot comply with the order.

Writ granted. Petitioner discharged.

Barnard, P. J., and Marks, J., concurred.