[Crim. No. 1996. First Appellate District, Division One.—November 5, 1937.]

In the Matter of the Application of CLARENCE E. ELLIOTT for a Writ of Habeas Corpus.

J. Thaddeus Cline for Petitioner.

THE COURT.—This is an application for a writ of *habeas corpus,* following an adjudication of contempt for refusal to pay alimony. The main grounds urged for the issuance of the writ are that the affidavit initiating the contempt proceeding contained no averment that petitioner was able to comply with the terms of the decree, and that no evidence was introduced to that effect at the hearing. ██ We are of the opinion that the findings of the trial court as set forth in the provisional order of June 3, 1937, which formed the basis for the adjudication of contempt, wherein the trial court determined that petitioner was regularly employed at a salary of $120 a month and directed that pending a showing of ''greater ability to pay'' he should pay $40 a month, in and of themselves constituted a finding as to petitioner's ability to pay said monthly sum; and such being the case said provisional order and the affidavit of petitioner's divorced wife that petitioner was still in receipt of said monthly earnings and had refused to comply with the terms of said order, were evidently legally sufficient to establish a *prima facie* case of contempt. (*In re McCarty,* 154 Cal. 534 [98 Pac. 540] ; *In re Rasmussen,* 56 Cal. App. 368 [205 Pac. 72] ; *In re Leet,* 99 Cal. App. 788–790 [279 Pac. 466].) In that state of the record the affidavit presented by petitioner at the time of the hearing in support of his claim that he was unable to comply with the terms of said provisional order could not do no more than raise a conflict upon which the determination of the trial court is controlling. (*Bailey* v. *Superior Court,* 215 Cal. 548 [11 Pac. (2d) 865].)

The application is denied.