[Crim. No. 2097. First Appellate District, Division One.—December 28, 1939.]

In the Matter of the Application of PEARL KENNEDY CARPENTER for a Writ of Habeas Corpus.

George D. Collins, Jr., for Petitioner.

Matthew Brady, District Attorney, and Edward M. Leonard, Assistant District Attorney, for Respondent.

PETERS, P. J.—The petitioner was adjudged guilty of contempt for failing to pay $20 per month towards the partial support of her five minor children, all wards of the juvenile court. The record shows that for several years the public authorities have attempted, so far unsuccessfully, to compel petitioner to either care for her children, or to partially pay for their support. Some two years ago the court ordered Mrs. Carpenter to receive her children into her home, and care for them. Upon her failure to comply with this order she was cited and committed for contempt. Upon *habeas corpus* she was discharged from custody on the ground that her second husband, who is not the father of the children, could not be compelled to support them. (*In re Carpenter,* 21 Cal. App. (2d) 658 [70 Pac. (2d) 227].) After the determination in the prior case, an investigation was made by the juvenile probation officer, and a hearing had before the referee of the juvenile court. The referee found that Mrs. Carpenter and the father of the children were each able to contribute the sum of twenty dollars a month towards the maintenance and support of the five children. The father has regularly made his payments. Based on the referee's report, the trial court found that Mrs. Carpenter was able to pay the sum in question and she was ordered to do so. This order was made on February 2, 1938. Mrs. Carpenter failed to make the payments as ordered. Thereafter, in August of 1939 the assistant probation officer of the juvenile court filed an affidavit for an order to show cause why Mrs. Carpenter should not be punished for contempt for failing to comply with the court's order of February 2, 1938. The affidavit recites the making of the prior order, the failure to comply therewith, the fact that there is due and payable from Mrs. Carpenter over $300, and then alleges that Mrs. Carpenter "has the ability to pay the aforesaid sum . . . and refuses and neglects to pay said sum". After due service, a hearing was had by the trial court resulting in the commitment of Mrs. Carpenter for contempt. The order of commitment recites, among other things, the making of the order of February 2, 1938, and that Mrs. Carpenter *"with knowledge of the making of said order and being able to comply with the terms thereof,* disobeyed, and is on this day in the immediate view and presence of this Court disobey-

ing said order and wilfully refusing and failing and neglecting to obey said order''. (Italics added.)

In this proceeding it is the contention of petitioner that the recital of ability to pay contained in the commitment is totally unsupported by any evidence. The respondent contends that in this proceeding the adjudication of ability to comply with the order is conclusive. With this contention we are in accord. The proper rule supported by the citation of many cases, in a case factually similar to the instant case, is thus succinctly stated by the Supreme Court in *Ex parte Levin,* 191 Cal. 207, 208 [215 Pac. 908]: ''The court found as a fact in its order of commitment that the petitioner was able to comply with the order and this adjudication is conclusive on *habeas corpus.*'' In the case of *In re Wilson,* 123 Cal. App. 601, 603 [11 Pac. (2d) 652], the rule is stated as follows: ''It is essential to bear in mind that in a *habeas corpus* proceeding we are precluded from inquiring into the reasonableness of the order for the payment of alimony. We are concerned solely with the question whether the court had the jurisdiction to adjudge the petitioner guilty of contempt. The court in the instant case found as a fact that petitioner was able to comply with the order which had been made in the previous month. In the case of *Ex parte Levin,* 191 Cal. 207 [215 Pac. 908], it is said 'that such adjudication is conclusive on *habeas corpus*', citing a number of cases to which reference may be had. We are in accord with this statement as the general rule of law applicable in such cases. It is probably true that where there is an entire failure to establish the jurisdictional facts, or where the processes of the law have been simulated to give the appearance of a trial although in fact and in law there has been no trial of the issue, the record may be resorted to for the purpose of showing the lack of jurisdiction in this particular. But the writ of *habeas corpus* may not be utilized to review, as though by appeal, the order of the trial court.'' Another case stating the same rule is *Ex parte Van Gerzabek,* 63 Cal. App. 657, 660 [219 Pac. 479], where it is stated:

''It is an established doctrine that in a proceeding to punish for an alleged contempt the finding of the court as to the ability of the contemner to comply with the terms of the order is conclusive on *habeas corpus,* and the prisoner cannot be discharged from custody if the facts showing ju-

risdiction appear upon the record. (*Ex parte Spencer,* 83 Cal. [460], 461 [17 Am. St. Rep. 266, 23 Pac. 395].) The writ of *habeas corpus* cannot be used as a basis for review as upon appeal. (*Ex parte Cottrell,* 59 Cal. 417; *Ex parte Clark,* 110 Cal. 405 [42 Pac. 905]; *Ex parte Levin,* 191 Cal. 207 [215 Pac. 908].) The question is one of fact which the court making the order has the right to determine. Here the court found in its order of commitment that petitioner was able to comply with the order, and this adjudication is conclusive upon this hearing.'' (See, also, *In re Gutierrez,* 46 Cal. App. 94 [188 Pac. 1004]; *In re Hallinan,* 126 Cal. App. 121 [14 Pac. (2d) 797].)

These cases are sound. It is elementary that on *habeas corpus* the court is limited to the single question of jurisdiction. Adjudication of questions of fact, the court having jurisdiction of the person and subject matter, cannot be reviewed. There are, it is true, some exceptions to this rule. Thus where a judgment, although apparently valid, is founded upon facts and proceedings from which alone it may be made to appear that the court was without jurisdiction, a review of the entire record, including the evidence, will be made as in *certiorari.* This is the explanation of the statement appearing in some of the cases that the scope of the inquiry upon either *habeas corpus* or *certiorari* is precisely the same. (See *In re Chaus,* 92 Cal. App. 384 [268 Pac. 422]; *In re Drew,* 188 Cal. 717 [207 Pac. 249]; *Commercial Bank, etc.,* v. *Superior Court,* 192 Cal. 395 [220 Pac. 422].) Proper illustrations of the exceptions to the general rule are to be found in *In re Lake,* 65 Cal. App. 420 [224 Pac. 126]; *In re Chaus, supra,* and other cases relied upon by petitioner. But the finding of ability to pay contained in commitments for contempt in alimony and support cases does not come within the exception, but rather within the general rule that findings of fact are binding in contempt cases. The reason for this was clearly explained in *In re McCarty,* 154 Cal. 534 [98 Pac. 540]. In that case the affidavit which is filed prior to the institution of such a contempt proceeding, failed to allege the ability of the person charged to comply with the prior order of the court ordering him to pay. The court pointed out that in such cases there is always a prior order ordering the person involved to pay. That order, similar to the one made on February 2, 1938, in the instant case, is

predicated on a finding of ability to pay. When the person so ordered fails to pay, and contempt proceedings are instituted, a *prima facie* case is established by the production of the original order to pay and proof of nonpayment. No proof of ability to pay, other than this, need be offered. The contemner may purge himself of the contempt by presenting at the hearing any legitimate excuse he may have, including the fact that since the making of the original order he has become unable to comply therewith. The burden is on the contemner, and whether he has complied therewith is a question of fact which cannot be inquired into on *habeas corpus*. See, also, *Ex parte Von Gerzabek*, 63 Cal. App. 657 [219 Pac. 479].

The writ is discharged and the prisoner remanded.

Ward, J., and Goodell, J., *pro tem.*, concurred.