[Crim. No. 1780.   Third Dist.   Oct. 14, 1941.]

In re ALFRED CARDELLA, on Habeas Corpus.

R. R. Sischo for Petitioner.

Earl Warren, Attorney General, J. Q. Brown, Deputy Attorney General, and Chas. R. Garry for Respondents.

TUTTLE, J.—Petitioner seeks release from confinement in the county jail through *habeas corpus*.

In answer to the writ, the sheriff filed his return, which shows that the authority for detaining petitioner is based upon the following order of the court:

"The court orders motion for modification of the divorce decree denied, both as to the custody of the child and the amount of the monthly payments, and further orders that if payment is not made as previously ordered by the court, that defendant is adjudged in contempt of court, as the court finds that he has the present ability to pay and orders him to pay the amount of $185.00 immediately; $105.00 on account of counsel fees, and $80.00 delinquent payments on the $60.00

per month alimony. Defendant is ordered confined in the Merced County Jail until the amount of $185.00 is paid.''

The contention of petitioner is that the foregoing commitment is wholly insufficient, in that the court fails to find the *facts* which are the basis of the finding that ''he (petitioner) has the present ability to pay.'' Petitioner urges that the language quoted is, in reality, a mere conclusion.

The record of the hearing which resulted in the order is not before us. In 5 Cal. Jur. 952, 953, sec. 48, it is said:

''Since proceedings in contempt are in their nature criminal in character, and the court exercises but a special and limited jurisdiction in such matters, the record of the court upon which the party is adjudged guilty of contempt should show affirmatively upon its face the facts upon which the judicial action is based and upon which jurisdiction depended, the purpose of the requirement being to enable the appellate court to determine by an inspection of the record, whether a contempt has in fact been committed. No presumptions and intendments will be indulged in favor of the order; and the charge and finding thereon, and the judgment of the court, are to be strictly construed in favor of the accused.''

In the same volume, page 937, sec. 37, it is stated:

''The facts constituting the contempt must be stated in some appropriate form, either in an affidavit in the case of a constructive contempt, or in the order adjudging contempt, in the case of a direct contempt.''

The affidavit, if there was one, is not in the record. Thus, we have for consideration the commitment alone, which constitutes the judgment. Also, from the same volume, pages 948, 949, sec. 44, we quote the following:

''Disobedience of an order of court is not contempt where it is due to the inability of the accused to comply with the order and such inability is not due to voluntary and fraudulent conduct on the part of the contemner. Accordingly, it is an essential of an adjudication of contempt that it appear in the commitment that the party found guilty had the ability to perform.''

From the foregoing statement of the law governing the question at issue, we are of the opinion that the commitment fails to state sufficient facts to enable this court to say whether or not the lower court was justified in making the order. That question is one of fact, within the province

of the trial court. ■ However, no intendments or presumptions can, as in the case of an ordinary judgment, be indulged in by us in favor of upholding the adjudication. In *In re Meyer,* 131 Cal. App. 41 [20 Pac. (2d) 732], the identical point was presented. There, the court held that a finding that "petitioner has had, and now has the ability to comply with said order of the court made October 6, 1932," was "more of a conclusion than a finding." The court states:

"There is no record of the testimony taken at the contempt hearing before us, and it therefore becomes necessary for us to look to the findings and to the face of the order for the necessary support of the judgment (*Merritt* v. *Superior Court,* 93 Cal. App. 177 [269 Pac. 547]). From the findings it does not appear affirmatively that petitioner did have the ability, at the time of the hearing of the order to show cause on the contempt proceedings, to comply with the order, and the lack of such affirmative finding of ability to pay deprives the trial court of jurisdiction to find petitioner in contempt or to commit him in punishment thereof."

The writ is granted and petitioner discharged.

Thompson, Acting P. J., and Ross, J. *pro tem.,* concurred.