[Crim. No. 3670. Second Dist., Div. Two. Mar. 18, 1943.]

In re GEORGE HADLEY, on Habeas Corpus.

Wm. Christensen for Petitioner.

John F. Dockweiler, District Attorney (Los Angeles), and Jere J. Sullivan, Deputy District Attorney, for Respondent.

WOOD (W. J.), J.—In his petition for a writ of habeas corpus petitioner alleged that he had appeared in the superior court pursuant to an order which had been issued commanding him to show cause why he should not be adjudged guilty of contempt for wilfully disobeying an order made on April 9, 1942, and another order made March 16, 1942, by which he was required to make certain payments to the court trustee for the benefit of Helen Hadley and by which he was ordered not to take the minor child of the parties out of the State of California. Petitioner has not furnished us with a copy of the affidavit upon which the order to show cause was issued, the petition being silent on that subject. He does not set forth any evidence verbatim and does not allege that his petition contained the substance of all the evidence adduced at the hearing. He does allege that Helen Hadley testified at the hearing that she had not received the payments mentioned in the order to show cause but that there was no evidence that the payments had not been made to the trustee and he alleges that there was no evidence of the ability of petitioner to make payments. He further sets forth that he testified at the hearing that Helen Hadley had given consent to the removal of the minor child from the State of California. It is set forth in the petition that petitioner was adjudged guilty of contempt of court and ordered to pay a fine in the sum of

$500 or in default thereof to serve one day in the county jail for every $5 of the fine not paid. A copy of the commitment signed by the judge is attached to the petition.

The sheriff made his return showing that he was holding petitioner by virtue of a commitment of the superior court, from which it appears that the court had made orders for the payment by petitioner of certain sums for the support of the minor child and also had made an order concerning the child's custody; 'that a copy of the orders had been served on petitioner and that he had wilfully refused to comply with the orders in that he had refused to support the child as ordered and had not complied with the court's order regarding visitation and had violated the order by taking the child from the State of California; that petitioner had been ordered to show cause why he should not be punished for contempt and upon his appearance the court found that he had the ability to comply with the order of the court but had wilfully failed and refused and continues to fail and refuse to comply with the order of the court. The commitment sets forth the court's order for the payment of the fine and for the imprisonment of petitioner in case of his failure to pay the fine.

 Petitioner now contends that the finding in the commitment that petitioner had the ability to comply with the court order is insufficient to support the judgment finding him guilty of contempt. In *In re Carpenter,* 36 Cal.App.2d 274 [97 P.2d 476], it was alleged in the affidavit which formed the basis of the court's order that the petitioner "has the ability to pay the aforesaid sum . . . and refuses and neglects to pay said sum." The court found the petitioner guilty of contempt, the order of commitment reciting that the petitioner, *"with knowledge of the making of said order and being able to comply with the terms thereof,* disobeyed, and is on this day and in the immediate view and presence of this Court disobeying said order and wilfully refusing and failing and neglecting to obey said order." In answer to the attack made on the commitment the reviewing court said: "In this proceeding it is the contention of petitioner that the recital of ability to pay contained in the commitment is totally unsupported by any evidence. The respondent contends that in this proceeding the adjudication of ability to comply with the order is conclusive. With this contention we are in accord. The proper rule supported by the citation of many cases, in a case factually similar to the instant case, is thus succinctly stated by the Supreme

court in *Ex parte Levin,* 191 Cal. 207, 208, [215 P. 908] ; 'The court found as a fact in its order of commitment that the petitioner was able to comply with the order and this adjudication is conclusive on *habeas corpus.'* " (See also *In re Wilson,* 123 Cal.App. 601, 603 [11 P.2d 652] ; *Ex parte Von Gerzabek,* 63 Cal.App. 657, 660 [219 P. 479] ; *Ex parte Spencer,* 83 Cal. 460 [23 P. 395, 7 Am.St.Rep. 266] ; *In re McCarty,* 154 Cal. 534 [98 P. 540].) Petitioner relies upon *In re Cardella,* 47 Cal. App.2d 329 [117 P.2d 908], which supports his contention that the court's finding of inability to pay was a mere conclusion. The decision in the Cardella case, in which no reference was made to the Carpenter case, *supra,* was based upon *In re Meyer,* 131 Cal.App. 41 [20 P.2d 732] and it is claimed that the identical point was there presented. It is true that in the Meyer case the court stated that a finding that the petitioner has had and now has the ability to comply with the previous order was "more of a conclusion than a finding" but an examination of the facts in the Meyer case discloses that the petitioner then before the court was discharged because he had not been served with the prior order of the court and because the specific findings showed inability to comply with the court's order between the date of service of notice of the order and the date of the contempt hearing.

We are satisfied that the holding in the Cardella case is contrary to the great weight of authority and is not supported by sound reasoning. ■ In habeas corpus proceedings the court is concerned only with the jurisdiction of the court which issued the commitment. (*In re Carpenter, supra; In re Wilson, supra.*) The petitioner cannot be discharged from custody if the facts showing jurisdiction appear upon the record. (*Ex parte Von Gerzabek, supra.*) ■ The writ of habeas corpus cannot be used as a basis for review as upon appeal. (*Ex parte Levin,* 191 Cal. 207 [215 P. 908].) ■ The question whether the petitioner had the ability to comply with the order was one of fact for the determination of the court that issued the commitment and its decision on this point is conclusive. ■ The finding of ability to pay is a finding of ultimate fact, and such a finding is sufficient without the addition of probative or evidentiary facts. (24 Cal.Jur. 968 and cases there cited.) It was not necessary for the court to state in the commitment the evidence upon which its finding of ability to pay was based, to detail the amount of the salary or other income of petitioner

and of his numerous personal expenses or to set forth the mathematical calculations thereon. The court's finding of ability to pay was sufficient to support the order committing petitioner.

The writ is discharged and the petitioner is remanded.

Moore, P. J., concurred.

McCOMB, J.—I dissent. In my opinion *In re Cardella,* 47 Cal.App.2d 329 [117 P.2d 908] and *In re Meyer,* 131 Cal.App. 41 [20 P.2d 732], correctly state the law and pronounce a rule contrary to that announced by the majority opinion in the present case.