[Civ. No. 508. Fifth Dist. June 14, 1965.]

RANDALL BEVERLY DARDEN, Petitioner, v. THE SUPERIOR COURT OF TULARE COUNTY, Respondent; MARY LAURA DARDEN, Real Party in Interest.

Sims & Solomon and Gabriel W. Solomon for Petitioner.

No appearance for Respondent.

William C. Hahesy for Real Party in Interest.

STONE, J.—This petition to review a contempt order arises out of the alleged failure of petitioner, defendant in a divorce action, to make payments to his wife, plaintiff and real party in interest, pursuant to an order of court.

Plaintiff, in her affidavit in support of an order directing defendant to show cause why he should not be held in contempt, alleged the making of an order directing defendant to pay $175 per month in installments of $87.50 on the 1st and 15th of each month beginning July 1, 1964, that certain payments were made on specified dates which were less than the amounts ordered to be paid, and that: "Having actual knowledge of said order, and having the ability to comply therewith, defendant has wilfully failed and refused to obey said order."

Her attorney also filed an affidavit alleging two orders directing defendant to pay attorney fees of $250 and $50 on account of costs, that two payments, one in the amount of $100 and another in the amount of $45, were made and "no other funds have been paid," concluding with an allegation identical to the final paragraph in plaintiff's affidavit, quoted above.

Defendant filed a declaration in opposition to the order to show cause, alleging:

"1. I do not now and I have not in the past had any funds of any type whatsoever with which I could pay any monies

upon the various orders of this Court made in the above matter other than such monies as I have to date paid on said orders;

"2. I have fulfilled said orders to the best and maximum of my ability;

"3. I have honored said orders in good faith and to the maximum of my ability;

"4. I fully respect and do not have and have not had any contempt or disregard for the orders of this Court."

At the hearing on the order to show cause, plaintiff adduced evidence in support of her affidavit, but neither defendant nor his attorney appeared. The court entered a minute order finding defendant guilty of 12 contempt violations "of the orders heretofore made," ordering defendant to serve 60 days in the custody of the sheriff and to pay a fine of $200, with the opportunity to purge himself of contempt by making certain specified payments.

Defendant raises the preliminary question of proper service of the order to show cause, asserting that his counsel maintains an office in an adjoining county and that Code of Civil Procedure section 1005 requires at least 10 days' notice of the hearing. But the same code section provides that "The court, or a judge thereof, may prescribe a shorter time," and the judge did just that. Furthermore, 12 California Jurisprudence, Second Edition, section 65, pages 87-88, which is cited by defendant in support of his contention that insufficient notice was given, concludes with the following sentence: "A general appearance by filing answering affidavits precludes the contemner from questioning the jurisdiction of the court over his person."

Since defendant filed an answering affidavit, he cannot now question the sufficiency of the notice of hearing.

Turning to the merits of defendant's petition for review, we note that "In a prosecution for constructive contempt the affidavit on which the proceeding is based constitutes the complaint [citations], the affidavit of defendant constitutes the answer or plea [citation], and the issues of fact are thus framed by the respective affidavits serving as pleadings." (*Freeman* v. *Superior Court,* 44 Cal.2d 533, 536 [282 P.2d 857].) Further, a contempt proceeding, even though its purpose is to impose punishment for violation of an order made in a civil action, is a criminal or quasi-criminal proceeding. (*Phillips* v. *Superior Court,* 22 Cal.2d 256, 257 [137 P.2d 838]; *Freeman* v. *Superior Court, supra.*) Therefore, as defendant contends, he has the right to attack the

sufficiency of the evidence insofar as it relates to jurisdiction. (*Hotaling* v. *Superior Court*, 191 Cal. 501, 506 [217 P. 73, 29 A.L.R. 127]; *Freeman* v. *Superior Court, supra*; *Bridges* v. *Superior Court*, 14 Cal.2d 464, 485 [94 P.2d 983].)

But his purported attack on the sufficiency of the evidence falls short because the proceeding was not reported; we have neither transcript nor settled statement before us. This distinguishes the instant case from the cited case of *Merritt* v. *Superior Court*, 93 Cal.App. 177 [269 P. 547], wherein the parties stipulated that ''a bill of exceptions'' could be considered by the reviewing court as a record of testimony received at the contempt hearing.

Under circumstances similar to those before us, where there was no record of the evidence available, the court, in *In re Meyer*, 131 Cal.App. 41, said, at page 45 [20 P.2d 732]: ''. . . it therefore becomes necessary for us to look to the findings and to the face of the order for the necessary support of the judgment [citation].''

So we move to defendant's contention that the order or judgment of contempt contains no finding that he had the ability to make the payments called for by the prior orders of the court.

█ The first order of the trial court is entitled ''Minute Order Finding Defendant in Contempt.'' The material part of the order reads: ''Defendant is found guilty of 12 contempt violations of the orders heretofore made and is ordered to serve 60 days therefor in the custody of the Sheriff of Tulare County and pay a fine of $200.00.''

As defendant points out, this order is fatally defective as there is no finding that defendant had the ability to pay any particular amount at any specified time. But the minute order was not final; it concludes: ''Plaintiff shall prepare findings, order and commitment.''

█ The pertinent paragraph of the formal order that followed reads: ''1. The court finds from the evidence that each and all of the allegations of the supporting affidavits of the moving parties, MARY LAURA DARDEN and WILLIAM C. HAHESY, are true; and the Court further finds that defendant is guilty of twelve contempt violations of the orders previously made; and defendant is ordered to serve sixty (60) days in the custody of the Sheriff of Tulare County, and to pay a fine of $200.00.''

Obviously this formal order contains no specific finding

that defendant failed to pay any amount at any time, nor does it find that defendant had the ability to pay.

Plaintiff argues that the finding "each and all of the allegations of the supporting affidavits of the moving parties, MARY LAURA DARDEN and WILLIAM C. HAHESY, are true;" supplies the necessary findings.

As noted in *Johnson* v. *Servaes*, 210 Cal.App.2d 392, 401 [26 Cal.Rptr. 733], if findings are to be meaningful and serve a useful purpose they should be specific and founded upon the evidence adduced during a trial or hearing.

Findings should not consist of reference to allegations taken from the pleadings, which are necessarily broad and general, usually made prior to discovery proceedings and before any evidence is heard. The law is settled to the contrary, however, and general findings by reference to allegations in the pleadings have been held to be sufficient. Mr. Witkin, in his work, California Procedure (1954), volume 2, Trial, section 114, tells us, at page 1846: "Despite the original insistence on specific findings, and occasional echoes of the early criticism of general findings [citation], it is now settled that a party ordinarily need not in any meaningful sense 'prepare' findings stating the matters proved at the trial. A general statement that 'all the allegations of the complaint herein are true,' and 'all denials and allegations of the answer herein are untrue,' is sufficient."

Therefore we pass to the question whether incorporation of the allegation in plaintiff's affidavit, "Having actual knowledge of said order, and having the ability to comply therewith, defendant has wilfully failed and refused to obey said order," satisfies the requirement that there must be a finding by the trial judge that defendant had the ability to comply with the order.

The controlling case is *Chula* v. *Superior Court*, 57 Cal.2d 199, which holds, at page 204 [18 Cal.Rptr. 507, 368 P.2d 107]: "A recital that petitioner 'had the ability to appear' is a proper conclusion of ultimate fact conclusive on this court upon review."

The *Chula* case presented some interesting questions, as pointed out by the concurring and dissenting opinions, but whether the contempt is direct, indirect or hybrid, or whether adjudicated summarily or after notice (see concurring and dissenting opinions), has no bearing upon the holding that the above quoted finding is one of ultimate fact and not a conclusion. Prior to *Chula,* there were two lines of appellate court decisions on findings of this kind in contempt proceed-

ings. A number of cases held the bare finding that a defendant had ability to pay was more of a conclusion than a finding, and insufficient. (*In re Meyer, supra*; *In re Cardella,* 47 Cal. App.2d 329 [117 P.2d 908] ; *In re Michelena,* 150 Cal.App.2d 377 [309 P.2d 861] ; *In re Scroggin,* 103 Cal.App.2d 281 [229 P.2d 489].)

On the other hand, *In re Hadley,* 57 Cal.App.2d 700 [135 P.2d 381], disapproved *In re Cardella, supra,* and *In re Meyer, supra,* and held that "The finding of ability to pay is a finding of ultimate fact, and such a finding is sufficient without the addition of probative or evidentiary facts." (P. 703.) One justice dissented, stating, at page 704 : "In my opinion *In re Cardella,* 47 Cal.App.2d 329 [117 P.2d 908] and *In re Meyer,* 131 Cal.App. 41 [20 P.2d 732], correctly state the law and pronounce a rule contrary to that announced by the majority opinion in the present case." Interestingly enough, the justice who wrote this dissent in *Hadley* was elevated to the Supreme Court and authored the majority opinion in *Chula,* and said, at page 204 : "*In re Cardella,* 47 Cal.App.2d 329 [117 P.2d 908], also relied on by petitioner, was expressly disapproved in the later case of *In re Hadley,* 57 Cal.App.2d 700, 703 [135 P.2d 381], as being contrary to the great weight of authority."

Thus *Chula* put an end to the dichotomy presented in prior appellate court opinions as to a finding couched in general terms, of "ability to comply" with an order in a contempt case. Defendant points out that in this respect *Chula* appears to be at odds with a number of Supreme Court cases summarized in *Hotaling* v. *Superior Court, supra,* 191 Cal. 501, a case that is frequently cited, holding a contempt hearing is such a distinctly criminal proceeding that "In reviewing this proceeding, the charge, the evidence, the findings, and the judgment are all to be strictly construed in favor of the accused [citation], and no intendments or presumptions can be indulged in aid of their sufficiency." (P. 506.) This, argues defendant, precludes general findings of ability to comply. But *Chula,* as the latest expression of the Supreme Court, is conclusive as to the form and sufficiency of such finding.

The order is affirmed.

Conley, P. J., and Brown (R.M.), J., concurred.

A petition for a rehearing was denied July 13, 1965, and petitioner's application for a hearing by the Supreme Court was denied August 11, 1965.